LITTLE
ROCK,
July, 1838.

BERRY
vs.
LINTON.

H. A. BERRY *against* JOHN LINTON.

ERROR *to Johnson Circuit Court.*

Justices of the peace having by law exclusive original jurisdiction in all matters of contract except covenant, where the sum in controversy is one hundred dollars or under, two or more separate causes of action, each less than one hundred dollars, but amounting in all to more than one hundred, cannot be joined together in one declaration so as to give the Circuit Court jurisdiction.

This principle does not interfere with the settled rule, that the plaintiff may join distinct causes of action in several counts of the same declaration.

The best criterion as to such joinder seems to be, that where the causes of action are of the same nature, and may properly be the subject of counts in the same species of action, they may be joined.

The question of jurisdiction is not glanced at in the rules or decisions upon this subject.

The case of *Laugham & Gentry,* vs. *Boggs,* 1 *Missouri Rep.* 474, overruled.

It is not the aggregate amount demanded in the declaration, but the amount of each separate demand or cause of action, which determines the jurisdiction.

This was an action of debt brought to March term, 1833, in the court below, by the plaintiff in error against the defendant in error. The declaration demanded the sum of $120 40 cts., and counted upon three writings obligatory, one for $44 25, one for $12 14, and the other for $66 25. At the return term the defendant moved the court to dismiss the suit, for want of jurisdiction apparent on the record, because the several writings sued on were each within the jurisdiction of a justice of the peace. This motion was sustained by the court below, the case dismissed, and the plaintiff sued his writ of error.

SCOTT, for plaintiff in error:

The Circuit Courts have jurisdiction in all matters of contract where the sum in controversy is over one hundred dollars. *Const. Art.* 6; *Sec.* 3.

Where the plaintiff has several distinct causes of action, he is allowed to pursue them accumulatively in the same writ. *Stephen on Pleading, p.* 279. It is a rule in law that several counts may be joined in the same declaration for different causes, provided they are of the same nature; in an action upon contract the plaintiff may join as many different counts as he has causes of action. 1 *Tidd. p.* 8, 9. Indeed, if several actions are brought by the same plaintiff vs. the same defendant, at the same time for causes of action which may be joined, the court will compel the plaintiff to consolidate them, and if the defend-

ant be holden to bail to pay the costs of application. *Chitty's Pleadings,*
*Vol.* 1. *p.* 228.

LITTLE
ROCK,
July, 1838.

BERRY
*vs.*
LINTON.

LINTON, *contra:*

The Circuit Courts of Arkansas are courts not of general jurisdiction, only having jurisdiction of contracts where the sum exceeds one hundred dollars, such is the jurisdiction of the Circuit Court of the U. S.; and it is well settled that sums cannot be added to give that court jurisdiction.

By the Constitution of Arkansas, all sums not exceeding one hundred dollars and by express statute, (See *McCampbell's Digest, p.* 281; *Sec.* 81,) it is expressly provided that no plaintiff shall institute his suit in the Circuit Court where the sum is in the jurisdiction of a justice of the peace. It is believed that each and every of the sums set out in plaintiff's declaration at the time made and when declared on, was within the jurisdiction of a justice of the peace; and jurisdiction when once fixed cannot be altered, it being a maxim that consent can do away error but cannot give jurisdiction.

LACY, *Judge,* delivered the opinion of the court:

This is an action of debt brought by the plaintiff against the defendant on several writings obligatory. The defendant moved the court to dismiss the cause for want of jurisdiction, which motion was sustained. To reverse the judgment given on this point, the plaintiff now prosecutes his writ of error.

This suit is founded on several distinct causes of action, none of which taken separately, amount to the sum of one hundred dollars, or upwards, but all of them taken collectively, is equal to the sum of one hundred and twenty dollars and sixty-four cents. By an act of the legislature approved October 24th, 1820, (*Digest,* 360, *Sec.* 26,) " the jurisdiction of the justice of the peace was extended from ninety to one hundred dollars." And by an act of the legislature passed January 11th, 1814, " the several courts of record shall take cognizance of no action, suit, or complaint made cognizable before a justice of the peace." *Digest, p.* 351. And by the schedule of the Constitution, (*Sec.* 2, *p.* 20,) " all laws now in force in the Territory of Arkansas, which are not repugnant to the constitution, shall remain in full force until they expire by their own limitations or be altered or repealed

Q

LITTLE
ROCK,
July, 1838.

BERRY
vs
LINTON.

by the general assembly." And by the 3d section of the 6th article of the constitution, " the circuit court shall have original jurisdiction over all civil cases which shall not be cognizable before justices of the peace until otherwise directed by the general assembly, and original jurisdiction in all matters of contract where the sum in controversy is over one hundred dollars." And by the 15th section of the same article, " Justices of the peace shall have individually, or two or more of them jointly, *exclusive original jurisdiction* in all matters of contract, except in actions of covenant, where the sum in controversy is one hundred dollars or under. The constitution confers upon " the Circuit Court exclusive original jurisdiction of all crimes amounting to felony at common law;" and it declares that justices of the peace shall in no case have jurisdiction to try any criminal case or penal offence against the state, but may sit as examining courts, and commit, discharge or recognize to the court having jurisdiction, for further trial, offenders against the peace."

It will be perceived from an inspection and analysis of these clauses that the object and intention of the convention was to create two separate and distinct jurisdictions both in civil causes and in criminal offences, and that a certain class or denomination of causes is assigned to the justices of the peace, and a different class or denomination of causes was given to the Circuit Court.

The question now before us only embraces a single point, but it is one of magnitude and of some difficulty.

Has the Circuit Court jurisdiction of the case, or is it properly cognizable before a justice of the peace, or are the two jurisdictions concurrent and has the party sueing a right to his election.

The decision of this question depends upon the construction of the constitution and the principles of law applicable to that instrument.

The declaration contains but one count embracing several distinct causes of action, all accruing to the plaintiff in the same right and of the same dignity, and when the same are taken collectively, they amount to one hundred and twenty dollars and sixty-four cents, but taken separately from each other, no one sum or cause of action equals or exceeds one hundred dollars.

On the part of the plaintiff, it is contended that several distinct causes of action can be joined in one count or in different counts in the declaration, and if their united sum exceeds one hundred dollars,

the Circuit Court has jurisdiction of the subject matter in dispute; and <span>LITTLE ROCK, July, 1833.</span> 'to dismiss a case under such circumstances is manifest error.

To sustain this position it is said that the law abhors a multiplicity, <span>BERRY vs. LINTON.</span> or circuity of actions, and therefore the party may join in the same declaration one or several counts, but different and distinct causes of action, and where it appears a plaintiff has two or more causes of action, which may be joined, he ought to bring one action only, and if he does not, a rule will be entered against him to consolidate his action and compel him to pay the costs. That a plaintiff who has several distinct causes of action is allowed to pursue them accumulatively, cannot be denied. But then this principle has exclusive reference and application to joining distinct causes of action in several counts in the same declaration. Thus in an action upon contract in account, assumpsit, covenant, annuity, or *scire facias* the plaintiff may join as many different counts as he has causes of action. So in actions for cost independently of contract, the plaintiff may join in case or detinue, replevin or trespass. Counts in action upon contract cannot be joined with counts for wrongs independently of contracts, nor can counts in any one species of these actions be joined in counts of another. 1 *Bac. Abridg.* 30; 2 *Luiw.* 1449; 1 *Ld. Raym.* 83; 11 *Johnson,* 479; 9 *Johnson,* 243; *Thompson* vs. *Shepherd*; *Stephen on Plead.* 275.

There has been much dispute and considerable contrariety of opinion in regard to the true test to determine what different counts may, or may not be joined in the same declaration. Lee, *Ch. Justice,* contends that the true way to determine the matter is to see whether the process and judgment are the same on both counts, while *Justice* Wilmot insists that the better criterion is to consider whether the two counts, joined in the same declaration, would admit of the same judgment. But *Justice* Buller holds the rule to be universal, that where the same plea is pled and the same judgment rendered in both counts, they may be joined in the same declaration, otherwise not; but *Tidd,* in his excellent treatise on practice, p. 9, 10, conclusively demonstrates, that none of those rules or tests are entirely free from objection. For instance, case and trespass cannot be generally joined, though the same plea and the same judgment may be given in both counts in the declaration. The best criterion seems to be that where the causes of action are of the same nature and may properly be the subject of counts

LITTLE
ROCK,
July, 1838.

BERRY
vs.
LINTON.

in the same species of action they may be joined, otherwise they cannot. Then the nature of the cause of action is the best, though not an infallible test by which to decide as to the joinder or non-joinder of different counts or distinct causes of action in the same declaration. 1 *Chit. Plead.* 229. Several counts cannot be joined in the same declaration, unless the cause of action should in all of them, be in the same right, and upon this ground it is holden, that a plaintiff cannot join in the same declaration a demand as executor with another which accrued to him in his own right, and such misjoinder would be a defect in substance and fatal in general demurrer or in arrest of judgment, or in writ of error. 1 *Salk.* 102; *Strange,* 12, 71, 24; *Durn. & East.* 277; 2 *Saunders, William's note,* 117, d. c.

It will be seen in all these cases that the question of jurisdiction was never made or even glanced at, and the principles decided have entire and exclusive reference to the joinder and non-joinder of distinct causes of action in the same declaration, and the rules and tests by which the matter was determined. In the case of *Laugham & Gentry* vs. *Boggs,* (*Missouri Rep.* 474,) the point now before us was expressly decided, and that on a statute exactly similar to our own, the reasoning of the court is by no means satisfactory, and proceeds upon a mistaken view of the rule requiring different causes of action to be consolidated, in order that the defendant may not be harrassed by a multiplicity of suits or the payment of unnecessary costs.

The court take for granted the question they had to decide and the authorities they rely on in support of their opinion, prove nothing; for it cannot be shown that they possess the most remote applicability to the subject that was before them. Does it necessarily follow because separate and distinct causes of action may be joined in different counts in the same declaration, where they accrue in the same right, that therefore, when each of the causes of action taken separately is not within the jurisdiction of the Circuit Court that it is lawful to unite them and thereby confer jurisdiction upon that tribunal against the express intention and deliberate will of the Legislature. Such conclusions, if carried fully out or pushed to their legitimate consequences, would enable the court, by construction, to change the entire jurisdiction of the different legal tribunals, and that too in express violation of the laws and the constitution. The question now before us has been expressly decided in *Lightfoot* vs. *Peyton, Hardin, p.* 3; and in *Grant* vs. *Tams*

*& Co.*, 7 *Monroe*, 221, the doctrine is again recognized and confirmed, that it is illegal to unite several demands in order to produce a sum that would give jurisdiction to the court, when without that union it had no cognizance of the matter. The court seem to consider the question so clear and familiar that no train of reasoning or authorities are cited in support of the principle.

The constitution puts this matter in a clear point of view. It declares that " the Circuit Court shall have original jurisdiction of all civil cases, which shall not be cognizable before a justice of the peace, where the sum in controversy is over one hundred dollars." Are the separate demands here cognizable before a justice of the peace, or is the sum in controversy over one hundred dollars. It is evident that taken separately, they fall within the jurisdiction of the justice of the peace, for the amount in controversy is less than one hundred dollars, and the constitution declares " that justices of the peace shall individually, or two or more of them jointly, have *exclusive original jurisdiction* in all matters of contract, except in actions of covenant, where the sum in controversy is one hundred dollars or under." Language cannot be more certain or explicit than the terms here used. It was the object and intention of the grant, not only to create two separate and distinct jurisdictions, but to mark their respective boundaries with the utmost accuracy and precision. The jurisdiction of each court in its own proper and peculiar sphere is original and exclusive, and it nowhere appears, either in the terms or nature of the instrument itself, that it was ever in the design or intention of the convention to confer concurrent jurisdiction upon both tribunals so far as the sum or demand in controversy was concerned. If the grant of the constitution does not constitute two separate and distinct jurisdictions, then no words or terms of expression are capable of creating such a power. As the separate sums or demands were each cognizable before a justice of the peace, then that court had exclusive jurisdiction of the matter in controversy, and that jurisdiction could not be wrested from it and the right conferred on the Circuit Court.

The injunction of the constitution is certain, positive and imperative, and its obligations cannot be defeated or annulled by indirection, or by uniting several separate sums in one demand to give jurisdiction. Can the joinder or non-joinder of distinct causes of action in one count in the same declaration oust one tribunal of its jurisdiction conferred by

LITTLE ROCK, July, 1838.

BERRY vs. LINTON.

the constitution and give it to another in violation of its express provisions. If such should be the construction given to the instrument, the suitors by their mere election would have it in their power, not only wholly to disregard the positive injunctions of the grant, but to change and alter its meaning in one of its most essential provisions and thereby to create a concurrent jurisdiction in a certain class of cases unknown to the constitution.

As the jurisdiction of the Circuit Court and justices of the peace are kept separate and distinct in its creation and organization, by what rule of construction or upon what principle of justice can they be united for the purpose of defeating the will and objects of the grant.

The principle of separate and distinct jurisdictions pervades our whole judicial system, and it was the design of the constitution to preserve one unbroken and harmonious chain of action throughout the entire plan. For instance, the Supreme Court has appellate jurisdiction only, except in cases otherwise provided for by the constitution. The Circuit Court has exclusive original jurisdiction in all cases that amount to felony at common law. And justices of the peace have no jurisdiction to try and determine criminal or penal causes, but may examine, commit, discharge or recognize offenders to the court, having jurisdiction for further trial; they have no jurisdiction in civil cases except the sum in controversy is one hundred dollars or under. What is the true sum here in controversy? Is it the aggregate amount set forth in the declaration or writ, or is it the separate and distinct sums or causes of action? Can the plaintiff by uniting several demands in one count, not only evade the express provisions of the constitution, but commit what is termed in law a fraud upon the instrument itself, and thereby confer a jurisdiction upon the Circuit Court, which it was never intended to possess? Certainly not. Again, if the justice of the peace had exclusive jurisdiction of the subject matter, then the Circuit Court can have no part of that jurisdiction except by appeal or writ of error. It cannot originally take cognizance of the cause, for it has no original jurisdiction of any civil cause which is cognizable before a justice of the peace. This being the case, it is clear that the Circuit Court did right to dismiss the cause for want of jurisdiction. The judgment of the court below must therefore be affirmed with costs.