# FENTER *vs.* ANDREWS.

The cases of *Berry vs. Linton*, 1 *Ark.* 252, and *Fisher vs. Hall & Childress*, re-affirmed.

Under the territorial laws, the circuit courts could have no jurisdiction of a case where one note of an amount less than $100 was sued on, with another note of a larger amount.

And this is no such error as is released by obtaining an injunction to the judgment.

THIS was an action of debt, determined in the Hot Spring Circuit Court, in March, 1835, before the Hon. BENJ. JOHNSON, one of the territorial judges. Andrews sued Fenter to March term, 1834, on three instruments of writing: a bond, for $192 63 cents; a bond, for $71 82 cents; and a note, for $29 37½ cents. Fenter pleaded payment of the bonds, and the statute of limitations as to the note. At March term, 1835, after an ineffectual attempt to obtain a continuance, he withdrew his pleas and judgment went against him for the whole amount of the bonds and note, with interest and costs. In September, 1835, he filed a bill in chancery, and obtained an injunction, in which case he obtained a decree, which was reversed by this Court, in July, 1838, and its history will be found at 1 *Ark.* 186. He then sued a writ of error on the judgment at law.

The case came to an issue, in this Court, on Andrews' plea of release of errors by obtaining injunction, and demurrer to that plea; and was argued here by

*Fowler & Pike*, for plaintiff in error. In this case, the court below having no jurisdiction of two of the writings sued on, (*Berry vs. Linton*, 1 *Ark.* 252), and the proceeding being indivisible, was wholly erroneous. If it appear, from the writ and declaration, that the cause is not within the jurisdiction of the Court, the whole proceeding is *coram non judice* and void. *Singleton vs. Madison*, 1 *Bibb*, 342.

There are cases where it is necessary to plead specially to the ju-

Fenter *vs.* Andrews.

risdiction, and a failure to do so is a waiver of the objection, but these are cases in which the right to object to the jurisdiction is a *personal privilege,* as where a minorquin or other person entitled to be sued, if he so elect, in a particular court, is sued in another. In such case, if he do not plead to the jurisdiction, he waives the privilege. See *Mostyn vs. Fabrigas, Cowp.* 172. *Barrington vs. Venakes, T. Raym.* 34. *Brampton & Crab,* 1 *Str.* 46. *Devenish vs. Mertuis,* 2 *Str.* 974. *Hickman vs. Colley,* 2 *Str.* 1120. *Pitt vs. Carpenter,* 1 *Wils.* 19. *Fitzpatrick vs. Pickering,* 2 *Wils.* 68. *Gross vs. Fisher,* 3 *Wils.* 48.

But if a court has, *originally,* no jurisdiction in a cause, it does not acquire it, either by the consent of the defendant, *or by his confessing judgment.* 3 *Caine's Rep.* 129, *Coffin vs. Tracy.* "Wherever it is apparent, from the plaintiff's writ and declaration, that the cause is not within the jurisdiction of the court, the whole proceedings are void, as being *coram non judice;* and the objection to the want of jurisdiction may be made at any stage in the progress of the cause, and even after its final termination. *Singleton vs. Madison,* 1 *Bibb,* 342.

If the Court have, absolutely, no jurisdiction *of the subject matter* of the action, in strictness it is not necessary for the defendant to appear, or to take any notice of the proceedings; for the judges would decline taking cognizance, the want of jurisdiction necessarily appearing on the plaintiff's writ; *or if they usurped the authority to decide,* their decision would be void; and any officer who should carry their judgment into effect, by executing process, would be a trespasser; because the judges of courts, in relation to matters which are not within the jurisdiction conferred on them by the common law, or the legislature, are merely private persons; and, in such cases, any judgments they may give, whether through mistake, *or even with the consent* of the parties, must be merely void *as judgments.*" *Rea vs. Hayden,* 3 *Mass.* 24. *Owen vs. Hurd,* 2 *T. R.* 654. *Wise vs. Withers,* 3 *Cranch,* 331. 3 *Dallas,* 19, *in notis.*

"Consent cannot give jurisdiction, where the law has not given it. *No matter how strongly consent may be gathered from the record,* the Court is as impotent as ever, and derives no authority to proceed, from the parties themselves. The objection, in such case, is valid at every stage of the cause, cannot be cured by any decree, *and is*

available,"on error, though there taken for the first time. *Ormsby vs. Lynch, Lit. Sel. Cas.* 303. And see *Grant vs. Tams & Co.*, 7 *Mon.* 219· *Lexington Mann. Co. vs. Dorr*, 2 *Lit.* 256. *Lindsey vs. Mc-Clelland*, 1 *Bibb*, 262. In all which cases this objection was taken advantage of, for the first time, in the appellate court. See, also, *Kennedy vs. Terrill, Hardin*, 493.

It is doubtless true, as decided by the Supreme Court of Missouri, in *Chouteau vs. Douchouquette*, 1 *Miss. Rep.* 715, that no writ of error will lie for any error in the proceedings at law, after injunction obtained to stay proceedings at law. The statute provides, that the obtaining of an injunction shall be a release *of all errors in the proceedings* at law. *Dig.* 302. In this case, there is no " *error in the proceedings.*" There is a total want of jurisdiction. The proceedings at law were *coram non judice*, and as absolutely void as though none had ever been had. No consent, no pleading, no act whatever, of the defendant could cure this.

A judgment cannot be reversed in part, to wit, as to one count, and affirmed as to the other, except where the judgment was partly by common law and partly by statute. *Cutting vs. Williams*, 1 *Salk.* 24. *Lloyd vs. Pearse, Cro. Jac.* 424. *Goodier vs. Platt, Cro. Car.* 471. *Lampen vs. Hatch*, 2 *Str.* 934.

Where an action of debt was brought against an executor, for divers sums of money, for some of which debt would not lie against an executor, and entire judgment was given for all, it was holden that the judgment was erroneous in all. *Germyn vs. Rolls, Cro. Eliz.* 425. So, where the writ is not good for part, as in formedon for a croft, messuage, &c., if the demandant recover, and on error it is adjudged that formedon does not lie for a croft, the judgment will be reversed in toto, *for there can be no good judgment on a bad writ. Bac. Ab. Error, M.* 1.

*Ashley & Watkins*, and *Trapnall & Cocke*, contra.

At July term, 1810, an opinion was delivered by this Court, absent Ringo, C. J., who had been of counsel in this case, reversing the judgment below. A petition of reconsideration was filed, and the

Fenter *vs.* Andrews.

case opened and re-considered, and so continued regularly to the present term.

*By the Court*, PASCHAL, J. This Court is aware that the opinion delivered in the case of *Berry vs. Linton*, 1 *Ark. Rep.* 252, did not give universal satisfaction to the bar, at the time. The rule there settled, however, inflexibly determines a rule of practice, relating to the important question of the jurisdiction of different branches of the judicial department of the government. It is there settled, that "two or more separate causes of action, each less than one hundred dollars, but amounting, in all, to more than one hundred dollars, cannot be joined together in one declaration, so as to give the Circuit Court jurisdiction." Now, it is to be observed, that the Court here acted upon the principle that a plaintiff could not, by any act of his own, oust the justices of the peace of jurisdiction of contracts of which they had exclusive jurisdiction by the law and the constitution. So particular have this Court been not to suffer parties, by any species of pleading, to avoid the exclusive original jurisdiction of the justices, that they have expressly decided that, " although a plaintiff declares for principal and *interest*, and so claims more than a hundred dollars, jurisdiction is not thereby given." *Fisher vs. Hall & Childress*, 1 *Ark. Rep.* 275. The Court then adds: "All courts in this State are courts of limited and prescribed jurisdictions·" The principles here settled have not been found to produce any inconvenience in practice, nor have they been controverted by the production of any high precedent applicable in fact. These principles will not now be disturbed.

It being, then, settled that the justice cannot be ousted of his jurisdiction on a contract for a sum less than one hundred dollars, it follows, of course, that two of the demands set forth in the only count of the declaration in the case at bar, belong, exclusively, to the jurisdiction of the justice of the peace; and surely it will not be seriously contended that the justice was ousted of his jurisdiction by inserting, in the same count, an amount certainly within the jurisdiction of the Circuit Court. There was, therefore, certainly error in rendering the judgment for the two amounts below the jurisdiction of the court which

adjudicated the case. The judgment, therefore, in our opinion, was correctly reversed.

It has been agreed that the plaintiff below might appear in this Court, and enter his *remittitur* as to the small demands. Whenever a case presents itself where such a motion is made, this point will be duly considered. In the absence of such motion, and the judgment being for too much, this Court will reverse the judgment below. See *Thompson vs. Thompson*, decided at the present term of this Court.