MANNINGTON vs. YOUNG et al., Directors, etc.

1. JURISDICTION OF CIRCUIT COURT: *Joining sundry small claims.*
   Where no one of several debts sued on exceeds the sum of one hundred dollars, the plaintiff can not combine them so as to give the circuit court jurisdiction.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Carl,* for appellant.

*Davies, J. M. Rose, contra.*

ENGLISH, C. J.    J. F. Mannington commenced this suit, twenty-third of June, 1877, in the circuit court of Garland county, against School District No. 6, of said county.

The action was founded upon six school warrants, three of them for $100 each, and one for $90, one for $80, and one for $30, each of them purporting to have been drawn in favor of plaintiff on the treasurer of Hot Spring county, by L. G. Robbins, trustee of school district No. 19, of said county.    It seems that the warrants were issued at different times, but all finally dated as of June 25, 1872.

The complaint averred that the warrants were presented to the treasurer of Hot Spring county for payment, and

not paid for want of funds; and that District No. 6, of Garland county, embraced the same territory included in District No. 19, Hot Spring county.

There was a demurrer to the complaint for want of jurisdiction, and upon other grounds, which the court overruled; and defendant answered, setting up several grounds of defense, which it is not material to notice.

The case was tried by the court, finding and judgment in favor of defendant, motion for new trial overruled, bill of exceptions, and appeal by plaintiff.

"The circuit court shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in some other court provided for by this constitution." *Constitution of 1874, sec. 11, Art. VII.*

Justices of the peace "Shall have original jurisdiction in the following matters: First—Exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest," etc. *Ib., sec. 40.*

No one of the school warrants sued on was for a sum exceeding one hundred dollars, and appellant could not combine them so as to give the circuit court jurisdiction.

If he can maintain actions upon the warrants at all against the school district (as to which we give no opinion), they are within the original jurisdiction of a justice of the peace. *Berry v. Linton, 1 Ark., 252; Fenter v. Andrews, 5 ib., 34; Collins et al. v. Woodruff, 9 ib., 463; Wilson v. Mason et al., 3 ib., 494; Martin v. Foreman, 18 ib., 249; Gregory v. Williams, 24 ib., 177.*

There is no substantial difference between the provisions of the constitutions of 1836 and 1864, prescribing the jurisdiction of the circuit court and justices of the peace, under which the above decisions were made, and the pro-

visions of the present constitution. In the cases cited, the subject was well discussed, and it is needless to repeat the argument.

The judgment must be reversed, and the cause remanded to the court below with instructions to dismiss it for want of jurisdiction of the subject-matter of the action.