## UPTMOOR *v.* YOUNG.

### Opinion delivered April 15, 1893.

1. *Equity jurisdiction—Regardless of amount in controversy.*
   In the absence of separate courts of chancery, circuit courts are, by the constitution, vested with jurisdiction in all matters of equity, without regard to the amount in controversy.

2. *Exoneration of surety—Remedy in equity.*
   The remedy provided by secs. 6396-7, Mansf. Dig., whereby a surety may maintain an action at law against his principal to obtain indemnity against the debt for which he is bound before it is due, is supplemental to the equitable remedy previously provided whereby the surety could compel his principal to exonerate him from liability upon a debt not due.

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Sandels & Hill* for appellant.

1. A junior attaching creditor may intervene in the senior attachment suit and contest the validity of the attachment and its priority. Mansf. Dig. sec. 358; 47 Ark. 31; 53 id. 140.

2. The court had no jurisdiction unless each separate cause of action exceeds $100, exclusive of interest. 1 Ark. 252; 3 id. 494; 5 id. 34; 9 id. 463; 18 id. 249; 24 id. 177; 35 id. 287; Const. 1874, art. 7, secs. 11 and 40.

3. The court could not gain jurisdiction by a transfer to the equity docket. Mansf. Dig. secs. 4918, 4925; Green's Pl. & Pr. sec. 67; 51 Ark. 235; 37 Ark. 184; 1 id. 197; 9 Wheaton, 534; 6 Ark. 317; 14 id. 217; 2 Johns. Chy. 554; 31 Ark. 605.

4. Equity had no jurisdiction, even if the case had been originally brought there. A surety has no action against his principal until he has paid off the obligation. 13 Ill. 68; 3 id. 257; 2 Metc. (Ky.), 294; 3 Dev. (N. C.) L. 253; 12 Ired (N. C.) L. 242; 33 Ia. 183; 11 Ark. 411, 716; 6 Ark. 317; 3 Pom. Eq. Jur. sec. 1417, and notes; Story, Eq. Jur. vol. 2, sec. 849, note 3; 12 B. Mon. 44; 23 Pa. St. 170; 66 id. 375; 4 Johns. Chy. 538; Brandt on Sur. & Guar. sec. 176.

The appellee *pro se.*

1. This is a proceeding in equity, under sec. 6396, Mansf. Digest. The case of 37 Ark. 184 merely decides that a party who elects to stand on his *legal* remedy must abide a decision upon legal principles alone. The transfer to equity was proper. Mansf. Dig. sec. 4925; 51 Ark. 260; 31 id. 411; 32 id. 562; 39 id. 248. Attachment pleading may be amended. 47 Ark. 46; 36 id. 406.

2. The complaint was a good bill in equity *quia timet.* 31 Ark. 511.

3. Equity had jurisdiction. Suits between principal and surety originally and intrinsically belong to equity. 6 Ark. 354; 7 Paige, Chy. 560; 2 Johns. Chy.

34

564; 4 *id.* 125; Pom. Eq. Jur. sec. 1417, note 2; 1 Vern. 190. The surety can proceed in chancery after the debt is due and before he has paid it. 4 Johns. Chy. 125; 17 N. J. Eq. 189; 14 Ill. 457; Story, Eq. Jur. secs. 327, 730; Brandt on Sur. & G. p. 350; Pom. Eq. Jur. sec. 1417, note 2. In 11 Ala. 1067 it was held the surety might proceed against the principal in chancery by bill *quia timet* before the notes were due. Until the debt became due and the surety paid it he had no action at law. 63 Mo. 84. See also Drake, Att. (7th ed.), sec. 27a note 2, p. 20; 10 Gratt. 284; 18 Ark. 583; 38 *id.* 406; 31 *id.* 511. Proceedings under secs. 6395-6-7 are copies from the Kentucky statute, and under them in that State proceedings have always been in equity. 6 B. Mon. 410; 9 *id.* 431; 12 *id.* 44. See also 2 Cold. 104. Full justice could not be had before a justice. 44 Ark. 381.

BATTLE, J. D. J. Young brought a suit in the Sebastian circuit court against Ryan & Morris upon five notes, which were executed to the American National Bank by the plaintiff, defendants, and E. S. Bowman, two being for $100 each, and the others for $50 each. None of them were due at the commencement of the action; and Young was surety on all of them. He asked that the defendant be required to indemnify him against loss or damage by reason of his suretyship, and sued out an order of attachment in the manner prescribed by law in cases in which the debt sued on is not due at the commencement of the suit. His action was docketed on the law docket.

After this and on the same day B. A. Uptmoor sued the defendants upon an open account for $250.85, and caused an order of attachment to be issued and placed in the hands of the sheriff immediately after the first order.

Both orders were levied upon the same property, which was sold pursuant to an order of the judge of the

court. The proceeds of the sale were held subject to distribution. Both were sustained.

Uptmoor filed a complaint, by way of intervention, in which he averred that the circuit court did not have jurisdiction of the cause of action in the first suit, because the amount of each note sued on was within the exclusive jurisdiction of a justice of the peace; and asked that his attachment be first satisfied.

On motion of Young his action was transferred to the equity docket. Having denied the prayer of Uptmoor's complaint, the court rendered judgment in favor of Young against the defendants for the amount sued for, it appearing that the notes had become due, and Young, as surety, had paid them since the commencement of the first suit; and ordered that the judgment be first satisfied out of the proceeds of the attached property.

From the refusal of the court to grant the prayer of his complaint, Uptmoor prosecutes this appeal.

The decision of the question presented for our consideration depends on the jurisdiction of the circuit court. The constitution declares that justices of the peace shall have original jurisdiction, exclusive of the circuit court, in all matters of contract, where the amount in controversy, excluding interest, does not exceed one hundred dollars. By the amount in controversy, it has been repeatedly held, is meant the amount of each separate claim or contract. Constitution of 1874, art. 7, secs. 11, 40; *Berry* v. *Linton*, 1 Ark. 252; *Wilson* v. *Mason*, 3 Ark. 494; *Mannington* v. *Young*, 35 Ark. 287; *Fenter* v. *Andrews*, 5 Ark. 34; *Collins* v. *Woodruff*, 9 Ark. 463; *Martin* v. *Foreman*, 18 Ark. 249; *Gregory* v. *Williams*, 24 *id.* 177.

1. Jurisdiction of equity not dependant on amount.

The amount of each separate contract sued on in the action does not exceed the sum of $100. So, if the previous rulings of this court be correct, it is obvious

that the court below, without aid from some other source, did not acquire jurisdiction. But it relied for its jurisdiction on another source. The plaintiff was a surety on the notes, and seeks for equitable relief by asking that the defendants be required to indemnify him against loss or damage by reason of his suretyship.

In the absence of separate courts of chancery the circuit courts are vested by the constitution with jurisdiction in all matters of equity, without regard to the amount in controversy. Constitution of 1874, art. 7, sec. 15; *Whitesides* v. *Kershaw*, 44 Ark. 381.

2. Jurisdiction of equity to compel principal to indemnify surety.

The action commenced by Young was founded on sections 6396 and 6397 of Mansfield's Digest. The first section provides: "A surety may maintain an action against his principal to obtain indemnity against the debt or liability for which he is bound, before it is due, whenever any of the grounds exist upon which, by the provisions of chapters vii and ix, an order may be made for arrest and bail, or for attachment." And the latter section is as follows: "In such action, the surety may obtain any of the provisional remedies allowed, and upon the ground and in the manner prescribed by law." Chapter ix referred to prescribes in what cases and how orders of attachment may be sued out and executed.

Prior to the enactment of these statutes, a surety, after the debt for which he was liable was due, could, without paying the debt, or before being called on by the creditor, compel the principal debtor, by proceedings in equity, to exonerate him. *Beaver* v. *Beaver*, 23 Pa. St. 170; *Ardesco Oil Co.* v. *N. A. Oil & Mining Co.* 66 Pa. St. 375; *Campbell* v. *Macomb*, 4 Johns. Ch. 534; *Polk* v. *Gallant*, 2 Dev. & Bat. Eq. 395; 2 Story's Eq. Jur. sec. 849; 3 Pomeroy's Eq. Jur. sec. 1417 and notes; 1 Brandt on Sur. & Guar. sec. 223. To enable him to accomplish the same purpose, sections 6396 and 6397 were enacted. They created no new right, but secure and

make more effectual his equitable right to exoneration. The purposes and grounds upon and for which they authorize him to sue out orders of attachment show that their sole effect is to secure or prevent the loss of this right.    The Code, of which they form a part, expressly recognizes equitable rights, and provides that they may be enforced in equity.   Civil Code, sec. 4.   In harmony with this provision, the sections referred to are declaratory of the right of the surety to exoneration, and are supplemental to the equitable remedy previously provided for its enforcement,  *Howell* v. *Cobb*, 2 Cold. 104; S. C. 88 Am. Dec. 591.

We think that the Sebastian circuit court had equitable jurisdiction of this action, and that its judgment should be affirmed ; and it is so ordered.

Affirmed.