HARRIS VS. CASTLEBERRY.

Opinion delivered October 5, 1901.

*1. Replevin—Commissioner's Courts—Jurisdiction.*

In the U. S. Commissioner's courts in the Indian Territory, the jurisdictional limit in replevin cases is $300.00, but several causes of action may be joined in one suit, although the aggregate amount claimed and aggregate judgment rendered exceeds this amount, provided each separate cause of action is within the jurisdictional amount stated.

*2. Replevin—Judgment.*

In a replevin suit, founded upon several causes of action, the plaintiff may take judgment on each of the causes of action and then consolidate the several sums into one aggregate judgment.

*3. Replevin—Complaint—Verification—Affidavit.*

When a complaint, in replevin, sets out several separate causes of action a general verification of the complaint constitutes a sufficient verification of each separate cause, and also constitutes a sufficient affidavit on which to found the action.

Appeal from the United States court for the Northern district.

W. M. Springer, Judge.

Replevin by J. A. Harris against F. S. Castleberry. Judgment for defendant. Plaintiff appeals. Reversed.

This was an action of replevin, brought in the United States commissioner's court at Wagoner, Ind. T., on a complaint as follows (omitting caption):

"The plaintiff, J. A. Harris, states: That the property claimed by him in this action are two bay horses, each about 7 years old, and weighing about 1,200 pounds each, 15½ or 16 hands high, and worth the sum of $70 each; and for the detention of said horses he believes he ought to recover $25. That he is the owner of said horses by virtue of a mortgage executed and delivered to him conveying him

said property for value received, on the 6th day of July, 1896, to secure $70; and that said mortgage was, on the 23d day of August, 1897, duly filed for record in the recorder's office of the Northern district, Indian Territory, by making proper indorsement thereon. That he is entitled to the immediate possession of said horses; and that they are wrongfully detained by the defendant, F. S. Castleberry, after demand made July 1, 1898; and that according to the best knowledge, information, and belief of plaintiff said defendant detains said property under the false claim of being the owner thereof. That said horses were not taken for a tax or fine against the plaintiff, or under any order or judgment of any court against him, or seized under an execution or attachment against his property; and that plaintiff's cause of action herein accrued within three years past. Wherefore the plaintiff prays judgment for the possession of said property, for damages, and for all other legal relief. (2) Plaintiff, for a further cause of action against defendant, F. S. Castleberry, states: That the property claimed by him in this action is 1 roan mare, worth $90; 1 roan horse, worth $29; 1 bay horse, worth $85; and 1 wagon, worth $25; and for the detention of said property he believes he ought to recover $40. That he is the owner of said property by virtue of a mortgage executed by defendant to one L. L. Coon on the 1st day of March, 1897, conveying him all of said property to secure $100, which said mortgage was, on the 23d day of August, 1897, duly filed for record in the recorder's office of the Northern district, Indian Territory, as required by law; and that on the 13th day of May, 1897, for a valuable consideration, said L. L. Coon transferred, sold, and assigned said mortgage to this plaintiff, who is now the owner of said property, and that he is entitled to the immediate possession of said property; and that the said property is wrongfully detained by the defendant, F. S. Castleberry, after demand made by him July 5, 1898; and ac-

(38)

cording to his best knowledge, information, and belief said defendant detains said property under the false claim of being the owner thereof. That said property was not taken for a tax or fine against the plaintiff, or under an order of a judgment of a court against him, or seized under an execution or an attachment against his property; and that the plaintiff's cause of action accrued within three years past. Wherefore plaintiff prays that he have judgment for the possession of said property, for damages, and for all legal relief. (3) Plaintiff further says: That the property claimed by him in this action is 1 roan horse, about——— years old, worth $25, and 1 gray horse, about 9 years old, and worth about $25. That for the detention of said horses he believes he ought to recover the sum of $20. That he sold said horses to the said defendant on the 10th day of June, 1897, for the sum of $50, due sixty days after that date, which debt was evidenced by a promissory note for that sum due, as aforesaid, bearing ten per cent. interest per annum from date until paid, and that it was stipulated therein as follows: 'Purchase price of a roan and gray horse, title to which is to remain in said Harris until the purchase price is paid,' which note was signed by said defendant; and that he is the owner of said horses by virtue of having retained title in himself until said note was paid. That said note is past due, and wholly unpaid. That he is entitled to the immediate possession of said horses, and that they are wrongfully detained by the defendant, F. S. Castleberry, after demand made July 1, 1898; and that according to the best knowledge, information, and belief of plaintiff said defendant claims said property under the false claim of being the owner thereof. That said horses were not taken for a tax or fine against the plaintiff, or under an order or judgment of any court against him, or seized under an execution or attachment against his property. That plaintiff's cause of action accrued within three years

last past.    Wherefore, plaintiff prays that he may have judgment for the possession of said property described, and for all legal and proper relief.   J. A. Harris.

"Subscribed and sworn to before me this 14th day of July, 1898.   E. G. Tollett, Jr., U. S. Commissioner "

Indorsed: "Filed July 14, 1898.   E. G. Tollett, Jr , U. S. Commissioner."

Plaintiff executed statutory bond, and defendant in turn executed retention bond for the property.   Judgment by default was entered by the commissioner, as follows: "J. A. Harris, Plaintiff, vs F. S. Castleberry, Defendant, F. M. Davis, Interpleader.   No. 56.   This cause coming on to be finally heard upon the pleadings, the plaintiff appearing in person and by attorney, the interpleader by attorney, defendant falling to appear, and having heard the proofs adduced, it is adjudged by the court that said interpleader take nothing by his interplea, and that he pay the costs of the same, and that the title to the property herein in controversy is in the plaintiff, and that said plaintiff, J. A. Harris recover of defendant, F. S. Castleberry, all the property mentioned in the complaint and order of delivery, if to be found; if not, the sum of $25 each for the two horses, a roan and gray mentioned in the note and third count of the complaint, the sum of $75 each for the two bay horses described in the first count of said complaint, and the sums of $60, $75, and $25, for the roan mare, the horse, the bay horse, and the wagon, respectively, as described in the second count of said complaint, and of the total value of $435, and his costs herein expended, and have execution accordingly; and thereupon notice of appeal was given in open court. E. G. Tollett, Jr., U. S. Commissioner." Appeal from said judgment was duly perfected by defendant to the United States court for the Northern district at Wagoner. Thereafter, on May 19, 1899, defendant filed motion in said court to dismiss the cause of action for want of jurisdiction,

which motion coming on to be heard was allowed, and judgment entered by the court as follows: "J. A. Harris vs F. S. Castleberry. Law, No. 241. Now, on this day the defendant files motion to dismiss this cause herein for want of jurisdiction and said motion coming on to be heard is by the court allowed, to which ruling of the court the plaintiff excepts. It is therefore considered, ordered, and adjudged by the court that this action be dismissed, because this court has no jurisdiction to try the same, and that the plaintiff take nothing by this action, and that the defendant have and recover of and from the plaintiff all his costs in this suit laid out and expended. To which ruling of the court and judgment of the court in dismissing this action and rendering judgment for costs against him the plaintiff at the time excepts." Plaintiff filed motion for new trial, which was overruled by the court. Plaintiff prayed and was allowed an appeal to this court.

*Thomas Marcum, De Roos Bailey,* and *Thomas Owen,* for appellant.

*N. B. Maxey* and *J. P. Clayton,* for appellee.

GILL, J.   The question raised in this case is of considerable importance, as it involves the construction of two sections of statutes covering the jurisdiction of the United States commissioners' courts in actions of replevin, and the delay in rendering the opinion has been for the purpose of giving the entire court time in which to consider the question specially.   As will be noticed from a reading of the complaint, three causes of action are stated, either of which is within the jurisdictional amount in the commissioners' court.   But judgment is asked and rendered for an amount in excess of the jurisdictional amount.   By section 4026, Mansf. Dig. (Ind. T. Ann. St. 1899, § 2706), commissioners

Jurisdictional Amount in Commissioners courts

in the Indian Territory shall have "concurrent jurisdiction in suits for the recovery of personal property, where the value of the property does not exceed the sum of three hundred dollars; and in all matters of damage to personal property, where the amount in controversy does not exceed the sum of one hundred dollars." By section 5014, Mansf. Dig. (Ind. T. Ann. St. 1899, § 3219), it is provided that "several causes of action may be united in the same complaint where each affects all the parties to the action. * * * Third, claims for the recovery of specific personal property, and damages for the taking or withholding the same." By section 4124, Mansf. Dig. (Ind. T. Ann. St. 1899, § 2804), it is provided: "In replevin actions the rules of proceeding * * * in the circuit courts, so far as they shall be applicable, shall govern in justices' courts." It will be seen from the foregoing: First, that commissioners have concurrent jurisdiction with district courts in replevin actions where the value of the thing in controversy does not exceed $300; second, that in district courts several causes of action for the recovery of specific personal property may be united in the same complaint, where each affects all the parties to the action; third, that in replevin actions in commissioners' courts the proceedings are the same as in the district courts. We are therefore of the opinion that one may sue and join as many causes of action as he may have against the same defendants in the same complaint, so long as each separate cause of action is within the jurisdiction of the commissioner as above defined, and that such plaintiff may take judgment on each cause of action, and congregate the several sums into one judgment.

The complaint, being verified, is a sufficient affidavit if it sets out a sufficient cause of action, and each several cause of action is verified by such general verification. This question has been decided by the supreme court of Arkansas, and in the announcement of the foregoing rule for the Indian

Verified complaint sufficient replevin affidavit.

Territory we but follow numerous decisions.      See Berry vs Linton, 1 Ark. 252; Wilson vs Mason, 3 Ark. 494; Fenter vs Andrews, 5 Ark. 34; Dickinson vs Noland, 7 Ark. 25; Collins vs Woodruff, 9 Ark. 464; Cox vs Grace, 10 Ark. 86; Lindsay vs Wayland, 17 Ark. 386; Mannington vs Young, 35 Ark. 287; Railway Co. vs Smith (Ark.) 50 S. W. 502; Cobbey, Repl. § 585.   The judgment of the court below is reversed, and the cause remanded, with directions to overrule the motion to dismiss, and proceed with the cause in the regular way.   Costs of appeal taxed to appellee.

TOWNSEND, C. J., and CLAYTON and RAYMOND, JJ., concur.