REAVES V. TURNER.

. No. 757, Ind. T.    Opinion Filed March 12, 1908.

(94 Pac. 543.)

1.    COURTS—U. S. Commissioners' Courts—Jurisdiction—Amount in
Controversy—Joinder of Causes of Action.    Under Mansf. Dig.
section 4026 (Ind. T. Ann. St. 1899, section 2706), providing that
justices of the peace, whose jurisdiction is exercised by United
States commissioners in the Indian Territory, shall have con-
current jurisdiction with district courts in matters of contracts
where the amount in controversy does not exceed the sum of
$300, exclusive of interest, and section 5014 (section 3219) de-
claring that several causes of action arising out of a contract
direct or implied, may be united in the same complaint where
each affects all   the parties to the action—Held, in a commis-
sioner's court (section 4034 [section 2714]) a party may   sue
and join in as many causes of action as he may have against
the same defendants in the same complaint, where each sep-
arate cause of action is within $300.

2.    SAME—Judgment—Consolidation of Sums.   The plaintiff may
take judgment on each cause of action and consolidate the sev-
eral sums into one judgment.

3.    JUDGMENT—Construction—Ambiguity—Reference   to   Record.
If the entry of a judgment is so obscure or ambiguous as not to
express the final determination of   the   court   with   sufficient
accuracy, reference may be had to the pleadings and entire
record when construing the judgment.

4.    LIMITATION OF ACTIONS—Pleading Statute—Necessity.   The
bar of the statute of limitations is matter of defense; when the
benefits of same are not taken by plea or answer, when not
apparent from plaintiff's pleadings, or when the same is not
shown in the complaint, by plea, answer, or demurrer, the same
is waived.

5.    JUDGMENT—Actions on—Limitation.   Under Mansf. Dig. sec-
tion 4103 (Ind. T. Ann. St. section 2783), limiting the time to
five years within which execution may issue in commissioners'
courts is no limitation to action on such judgment.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of
the Indian Territory; before William R. Lawrence, Judge.*

Action on judgment by C. W. Turner, executor of the will of J. E. Turner, deceased, against J. A. Reaves. Judgment for plaintiff, and defendant brings error. Affirmed.

On the 23d day of December, 1905, the plaintiff below, the defendant in error in this court, filed in the United States Court for the Western District of the Indian Territory, at Muskogee, his complaint against the defendant, the plaintiff in error in this court, and reference herein will be made to the parties as they appeared in the court below. Said plaintiff, as executor of the estate of J. E. Turner, deceased, alleged in his complaint that he was the duly and legally appointed, qualified, and acting executor of said decedent, having been so appointed by the probate court of said district sitting at Muskogee, where the will of said decedent had been duly probated and recorded; and further that on the 31st day of December, 1897, the plaintiff recovered judgment against the defendant in the United States commissioner's court for the then Northern district of said territory, at Muskogee, in the sum of $1,058.35, with interest at the rate of 10 per cent. and 6 per cent. and all costs of said suit. Further, that the defendant in said cause was duly summoned to appear and answer said suit; that said judgment was had on three certain promissory notes, described as follows: Each of the date of January 1, 1892; one for the sum of $200, due January 1st thereafter; one for the sum of $200, due January 1, 1894; one for the sum of $219.44, due January 1, 1895; each bearing interest at the rate of 10 per cent. per annum from date. Upon the first of said notes there was a credit of $30.50; another on account for the sum of $92.56. That on said 31st day of December, 1897, said cause came on for trial and defendant appeared not, and said judgment was rendered in favor of said testate; that on February 12, 1898, execution was issued out of said court on said judgment and returned *"nulla bona"*; that the whole of said judgment remains unpaid, a copy thereof being attached to said complaint and marked "Exhibit A" and made a part thereof. Plaintiff prayed that the defendant be cited to appear and answer said cause, and

that upon final hearing he be awarded judgment for the amount of the said judgment, with interest, costs, and the proper relief. The complaint was duly verified by the plaintiff. The following is the exact entry of said commissioner in rendering judgment:

"Suit filed. Summons issued December 31st 1897, returnable January 31st, 1898. On January 31st, 1898, a return was made to the summons herein. This cause coming on for trial, plaintiff appearing by attorney, and it appearing to the court that defendant had been served with a writ of summons, the court, after waiting the time required by law, defendant appears not but makes default. The court, after being advised in the premises, finds the issue for plaintiff in the sum of $1,058.35, amount of notes and account sued upon, with interest at ten per cent. and six per cent., with the costs of this suit. It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $1,058.35, the amount of the notes sued upon and account, with interest at ten per cent. and six per cent., and all costs of this suit. W. C. Jackson, U. S. Commissioner."

On the 10th day of January, 1906, defendant filed his demurrer to the complaint, which is in words and figures as follows:

"Comes now the defendant, J. A. Reaves, and asks that the above-styled suit be dismissed at the cost of plaintiff, for the reason that this court has no jurisdiction."

Thereafter, without said motion having been passed upon another motion was filed by the defendant to dismiss for want of jurisdiction appearing on the face of the record, which said motion is as follows:

"Now comes defendant Reaves and asks the court to dismiss plaintiff Turner's suit filed against this defendant, because his complaint declares on an old judgment; because the court has no jurisdiction to try the pretended cause of action set up in plaintiff's complaint; because the judgment complained of by him is void; because the court which rendered said pretended judgment was without jurisdiction to try and determine the amounts of the magnitude claimed by said pretended judgments and complaint. Wherefore, defendant moves to dismiss this cause."

Thereafter, on the same date, all parties being present, de-

fendant's demurrer and motion to dismiss was overruled, the defendant reserving his exception. Defendant then stood on his demurrer. On motion, judgment was accordingly rendered for plaintiff for the want of plea, in the sum of $1,886.94, in favor of the plaintiff against the defendant, and for his costs therein expended. To all of which plaintiff excepted.

*Brook & Brook*, for plaintiff in error.
*Hutchins, Murphy & German,* for defendant in error.

Williams, C. J. (after stating the facts as above). The plaintiff in error contends that the judgment rendered in the commissioner's court on the 31st day of January, 1898, was void for the reason that said court had no jurisdiction to render such a judgment. As will be observed from reading the complaint in said cause, the causes of action as stated, each of the same is within the jurisdictional amount of the commissioner's court, but judgment is asked and rendered in excess of the jurisdictional amount. By section 4026, Mansfield's Dig. (Ind. T. Ann. St. 1899, § 2706), commissioners in the Indian Territory shall have concurrent jurisdiction, arising out of contracts, express or implied, not to exceed the sum of $300, exclusive of interest. By section 5014, Mansfield's Dig. (Ind. T. Ann. St. 1899, § 3219), it is provided, referring to circuit courts, that "several causes of action may be united in the same complaint where each affects all the parties to the action. * * * Claim arising out of contracts express or implied." Also section 4034, Mansfield's Dig. (Ind. T. Ann. St. 1899, § 2714), provides:

"The parties to the action may be the same as in the circuit court, and all proceedings prescribed for that court, as far as the same are applicable and not herein changed, shall be pursued in justices' courts."

It would appear, therefore, that one may use and join as many causes of action as he may have against the same defendant so long as each separate cause of action is within the jurisdiction of the commissioner, and that said plaintiff may take judgment in

each cause of action and consolidate the several sums into one judgment. *Mannington v. Young et al.* 35 Ark. 287; *Hibbard v. Kirby*, 38 Ark. 102; *Harris v. Castleberry*, 3 Ind. T. 576, 64 S. W. 542.

It is further contended on the part of plaintiff in error that said judgment is void because it reads, "with interest at ten per cent., and six per cent., with all costs of this suit." Unquestionably, the meaning of this phrase is obscure and ambiguous, but it is a well-settled rule that if the entry of a judgment is so obscure or ambiguous as not to express the final determination with sufficient accuracy reference should be had to the pleadings and entire record when construing the judgment. *Fleener v. Driskill*, 97 Ind. 27; *Fowler v. Doyle et al.*, 16 Iowa, 534; *Hofferbert v. Klinkhardt*, 58 Ill. 450; *Clay v. Hildebrand Bros.*, 34 Kan. 694, 9 Pac. 466; 1 Black on Judgments, 123. Under the rule just stated, by reference to the pleadings, it is evident that it was the intention that that portion of said judgment which was rendered upon the notes was to bear 10 per cent. interest, and that part upon the open account 6 per cent. interest.

The judgment was not barred by the statute of limitations. *Hicks v. Brown*, 38 Ark. 469; Mansfield's Dig. § 4487; Ind. T. Ann. St. 1899, § 2954. But defendant neither availed himself of such defense by pleas nor demurrer to that effect, which is necessary; and unless claimed it is waived. *Thompson v. Parker*, 68 Ala. 387; *Wilson v. Anthony*, 19 Ark. 16; *Parker v. Berry*, 12 Kan. 351; *Miller v. Houston City St. R. Co.*, 55 Fed. 371, 5 C. C. A. 134.

If there was error in rendering the judgment or entering same by the United States commissioner, advantage cannot be taken of same in this action if the commissioner's court had jurisdiction of said cause. *Badgett v. Jordon*, 32 Ark. 155; Mansfield's Dig. §§ 3907, 3908 (Ind. T. Ann. St. 1899, §§ 2587, 2588).

We find no reversible error in the record. Judgment of the lower court is affirmed.

All the Justices concur.