GEORGE REEDY v. PETER GIFT, et al.

*Error from Marshall County.*

In an action before a justice on a replevin bond where defendant moved for a dismissal of the action on grounds not appearing on the face of the papers, *held* that if any of the grounds set forth are sufficient for a dismissal such ground would be sufficient as a plea in bar; and if sustained by proof would be a complete bar to another suit.

Where the record shows a judgment, in such case for defendant of dismissal with costs, it is to be presumed that the magistrate has sufficient proof to sustain it; that such would be in effect a trial and judgment upon the merits, disposing of the cause of action, and appealable from to the District Court.

On appeal of such action to the District Court by plaintiff below, who filed, together with the transcript and papers, a sufficient petition and precipe for summons, which was issued and served on defendant who appeared in the case, a ground for dismissing the appeal, "that the petition does not

state facts sufficient to constitute a cause of action on appeal," *held* untenable; *semble*, such objection should be taken advantage of by demurrer. The way to obviate an objection "that the record of the justice is defective in substance and form, is by suggesting a diminution of the record."

In such case in the District Court where the defendant answered to said petition and the plaintiff replied, a subsisting right of action on the bond, of which the District Court had original jurisdiction, existed, and the proceeding was valid as, in effect, the commencement of a new action.   *Semble*, the dismissal of the appeal would not have prevented a judgment unless pleaded.

Sectino 526 of the Civil Code gives power to the Supreme Court to review a judgment of the District Court, dismissing an appeal from a justice's judgment of dismissal, where the costs of appeal are adjudged by the District Court against the appellant.

The "petition on appeal" filed in the District Court on the appeal of this case by plaintiff, set forth: " The said plaintiff, George Reedy, complains of Mary Miller, Peter Gift, and A. Vaught, for that on the 21st day of February, A. D. 1863, they executed their certain bond in an action of replevin then pending before William P. Hess, a justice of the peace for Marysville township, Marshall County, Kansas, in an action of replevin, wherein Mary Miller was plaintiff and George Reedy was defendant, which bond was then and there approved by George D. Swearinger, Sheriff of Marshall County, Kansas, which had a condition thereunder written in the words and figures following, to-wit: (reciting the condition of the bond in form required by statute,) all of which will more fully appear by reference to a copy of the bond hereto attached and made a part of this petition.

And the said George Reedy, plaintiff, further complains that on the trial of said cause before John L. Laclair, a justice of the peace for Marysville township, Marshall County, Kansas, on the 1st day of June 1863, wherein Mary Miller was plaintiff and George Reedy was defendant, the said Mary Miller failed to prosecute her action to effect, and to return the property when it was adjudged to be returned, and pay all costs and damages which were awarded against her, and that this plaintiff, George Ree-

dy, obtained a judgment by the consideration of John L. Laclair, justice of the peace aforesaid, against the said Mary Miller, for the sum of one hundred dollars on the 1st day of June, A. D. 1863, as aforesaid. And afterwards, to-wit: on the 3d day of June 1863, this plaintiff caused an execution to be issued by said John L. Laclair, a justice of the peace aforesaid, by whom the said judgment was rendered against the said Mary Miller, and directed to James Gray, constable for Marysville township, Marshall County, Kansas, and the said constable afterwards, to-wit: on the 26th day of June, A. D. 1863, returned said execution to the justice John L. Laclair, with the following return endorsed thereon: "Received this writ at 4 o'clock P. M. on the 3d day of June, A. D. 1863. I hereby certify that after dilligent search I can find no goods or chattels of Mary Miller in Marshall County, Kansas, whereon to levy. Given under my hand this 26th day of June, A. D. 1863. (Signed) James Gray, Constable. Wherefore," &c.

Other facts in the case appear in the opinion of the Court.

The case was argued in Supreme Court by *John Martin* for plaintiff in error, and by *W. W. Guthrie* for defendants in error, each submitting briefs, making points respectively, as follows:

*Elmore and Martin* for plaintiffs in error, submitted:

If the Court was correct in dismissing the appeal, it can only be on the first ground assigned in the motion. The second ground assigned, is certainly no ground for dismissing the appeal. It may be a good motion to go to the merits of the cause of action assigned in the petition, but furnishes no ground for dismissing *an appeal*. And the same objection exists as to the third ground assigned. If that was good for any purpose at that stage of the proceedings,

it was for a diminution of the record in the case. The Court was not warranted in dismissing the appeal. *15 Ohio Reports, p. 558.*

As a general proposition there are only two classes of reasons for dismissing an appeal:

1st. For some irregularity in perfecting the appeal, and 2d, cases from which appeals are not allowed.

The appeal in this case was regular in all the particulars required by law. *Comp. Laws* 1862, *p.* 634, *Secs.* 104-105, *and* 106.

The only proposition then to examine is, "Was the judgment such as could be appealed from? Appeals are allowed in all cases under Sec. 103 of the Justices Act, (*Comp. Laws, p.* 634,) not otherwise specially provided for, and we must resort to Sec. No. 115 of the Justices Act to find the exceptions, (*Comp. L., p.* 636) and this case is certainly not included in any of the cases mentioned in this section, and therefore subject to appeal.

But is the judgment in this case a *final judgment,* as contemplated by Section 103? The action of the Court was "a final determination of the rights of the parties in this action, within Sec. 186 of the Code. We draw a distinction between a determination of the rights of the parties in the *cause* of action, and the rights of the parties in *an action,* and think this the proper distinction. The rights of the parties were certainly determined in this *particular action.* The judgment for costs is without doubt a final judgment; for after the commencement of the suit, the costs of the suit is as much a part of the *rights and liabilities* of the parties in the action, as the original cause of action.

Suppose, however, as a general proposition, judgment for costs and orders of dismissal are not such judgments as can be appealed from. The ground upon which the justice dismissed the appeal goes directly to the merits of the action, and absolutely determined the rights of the

parties in the cause or basis of action, and is a final determination of the rights of the parties in the cause of action. The motion is in effect, and substantially a plea in bar or a demurrer, and must be so treated. It was treated so by the Court and by the parties, whether properly or improperly is immaterial. And the Court heard and determined the matter as fully and completely as it could have been determined by a jury or the Court in an actual trial on the merits or by demurrer. And if so treated either as a plea in bar or a demurrer, the judgment or order is unquestionably a final judgment. 3 *Bouviers Ins.*, 525, 526; 2 *Tidds Prac.*, 729-730.

The District Court would have either appellate or concurrent jurisdiction. *Comp. Laws, p.* 451, *Sec.* 1, *p.* 233, *Sec.* 564; *case of Wooster* v. *McKinly, Sup. Ct., of Kan.,* 1 *Kan., p.* 317.

If either, then the defendants were estopped from making this motion to dismiss the appeal after having answered in the District Court. 9*th Ohio S.,* 498; 7*th id.* 233; 15 *id.* 483.

If the District Court however, has only appellate jurisdiction and would have jurisdiction over the subject-matter by appeal, it is immaterial whether the judgment was such as could be appealed from or not. As a matter of fact if the appeal was rightfully or wrongly taken and the parties came in and filed their pleadings or appearance to the action, they cannot after this make a motion to dismiss for want of jurisdiction or for the reason that the judgment was such as could not be appealed from.

If, however, we are still wrong, we say the Court had no right to give judgment for costs in the case, and the Court having so entered a judgment in this case it is error. 15 *Ohio,* 488; 8 *Ohio State,* 210.

*W. W. Guthrie,* for defendants in error, submitted:

The real question now at issue, is, did the Court below err in holding that Justice Manning, in dismissing thi

action in his Court, *rendered no final judgment*,—not as to whether the justice erred in so doing.

If the justice erred, the plaintiff had his remedy in error.

He sought only the remedy of an appeal;—had he such a remedy?

Sec. 103, (*Stat.* 1862, *p.* 634) gives this remedy if it exists at all: "Either party may appeal from the *final judgment* of any justice."

A final judgment is such as Sec. 380 (p. 186) specifies: "The final determination of the rights of the parties in an action."

The construction of this section was given in the case of Evans *v.* Hes, 7 Ohio St. Rep. p. 235, wherein the Court says, that "an order dismissing a case for defect or irregularity of process, or in the service of process, and in no way founded on or passing upon the allegations of the parties in their pleadings, cannot be considered *a final judgment*."

This case having been dismissed by the Court, is not properly pending,—*no final judgment was rendered*, therefore the District Court had no jurisdiction in the premises. *See also p.* 235 ; 10 *O. St. R., pp.* 622-623.

12 John. Chan. R., 507, as to what is final judgment; 1 Abbot's N. Y. Dig., p. 126, notes 12, 14, 25, judgments for costs not a final judgment.

Filing of pleadings in District Court did not give jurisdiction.

District Court had no jurisdiction over case. *Stat.* 1862, *p.* 454, *Sec.* 1.

*By the Court*, CROZIER, C. J.

One Mary Miller brought a suit in replevin before John S. Lucklin, a justice of the peace, against George Reedy, the plaintiff in error, for the recovery of a sorrel mare. The writ was served and the property delivered to Mrs.

Miller, who executed a bond in the ordinary form, with Gift and Vaught, the defendants in error, as her sureties. Mrs. Miller failed to prosecute her action, and judgment was rendered against her for one hundred dollars and costs; upon which judgment execution was issued and returned, "no goods." Suit was then brought by Reedy before E. C. Manning, a justice of the peace, against Mrs. Miller, Gift and Vaught, upon the replevin bond. A very full bill of particulars was filed by Reedy, setting out the foregoing facts. Mrs. Miller was not served. Gift and Vaught filed a motion to dismiss, setting out,

1st. There was no judgment in the action of replevin, because the justice who pretended to render the judgment had not filed a bond with a revenue stamp upon it, nor was there a revenue stamp upon his oath of office.

2d. The constable who served the writ was not a constable, having failed to file a bond and oath of office with revenue stamps thereon.

3d. No order of delivery was issued by the justice.

4th. The execution against Mrs. Miller was returned within thirty days.

5th. Mrs. M. had interest in property belonging to estate of her deceased husband.

6th. The action was not tried at the right time.

7th. No revenue stamp upon the certificate showing when the constable received the writ.

This motion was sustained, the cause dismissed and judgment rendered against Reedy for costs. Reedy thereupon appealed to the District Court. He filed a petition, counting upon the bond and setting out the replevin, the execution of the bond, the judgment, execution and return of "no goods" of Mrs. Miller, and asking judgment against her and Gift and Vaught, for one hundred dollars and interest, at ten per cent. from June 1st, 1863. This petition was filed Sept. 3d, 1863. On that day a summons was issued which was served on Gift and Vaught by the

Sheriff. On the 3d of October, Gift and Vaught filed an answer setting out the same matters contained in their motion before the justice to dismiss; and on the same day filed a motion to dismiss the appeal on the grounds, 1st. There was no judgment below from which an appeal could lie. 2d. The petition does not state facts sufficient to constitute a cause of action on appeal, and 3d. The transcript of the justice was defective in substance and form. Reedy, Oct. 15th, filed reply denying the allegations of the answer. At the succeeding term of the District Court the appeal was dismissed and a judgment rendered against the plaintiff for costs, to which plaintiff excepted. This petition in error is brought to reverse that judgment.

Was the judgment of Justice Manning such an one as could be appealed from?

The plaintiff, had filed a very full bill of particulars. The defendant's motion set up many things which did not appear upon the face of the papers, any one of which if sufficient for a dismissal, was sufficient as a plea in bar, and could not properly be tried without proof, and if sustained by proof, would be a complete bar to another suit for the same cause of action.

We are bound to presume that the magistrate had sufficient proof to warrant the judgment he rendered. Such being the case, it must necessarily have been a trial upon the merits, no matter what it may have been called. It may have been regarded as a motion to dismiss, but it was in fact and effect a trial of the cause of action, and the judgment, although upon its face a judgment of dismissal, is a judgment upon the merits. It finally disposes of the cause of action set out in the bill of particulars, and would be a complete answer to another suit upon that cause of action.

The second ground for dismissal is equally untenable. The petition may not be a good one; and if it be not this would be no ground for dismissing an appeal. It might

be a good ground for demurrer, that it did not state facts sufficient to constitute a cause of action, but such never could be a good ground for dismissing an appeal.

The way to obviate the third objection, if it existed as a matter of fact, was by suggesting a diminution of the record of the justice, and getting an order requiring the magistrate to send up a perfect record of his proceedings.

We think, therefore, that the Court erred in dismissing the appeal. But there is another view of the case which seems to have escaped the observation of Court and counsel. The judgment that was rendered seems to have been regarded as a final disposition of the case. When the petition was filed, there was, if its allegations be true, a subsisting right of action on the bond of which the District Court had original jurisdiction. In legal effect an original suit had been brought upon that bond; the defendants were in Court by the service of a summons, and had answered, setting up new matter to which there was a reply. Was the order of dismissal intended to take this case with it? Undoubtedly so, as all parties seem to have regarded the dismissal, not as a dismissal of the appeal alone, but of the whole case. Notwithstanding the judgment, technically considered, the plaintiff had a right to proceed with the case made up by the pleadings. The dismissal of the appeal would not have prevented a judgment in his favor unless pleaded. It was not pleaded.

But the plaintiff has a right to the reversal of the judgment of dismissal on the ground that it imposed all the costs of the appeal upon him; and Sec. 526 of the Code as amended, gives us the power to do it.

Judgment reversed. All the Justices concurring.