DAVID ADLER and others *vs.* JENNIE APT and another.

November 28, 1882.

30    45
f82  211

**Evidence — Fraudulent Sale — Admissions of Vendor Subsequent to Sale Inadmissible.**—In an action in the nature of a creditor's bill, to set aside a sale of personal property by the judgment debtor on the ground that it was fraudulent as to creditors, the declarations or admissions of the vendor, made subsequent to the sale, and independent of it, tending to show a fraudulent purpose on the part of the vendor in the making of the sale, are not competent as evidence; following former decisions of this court.

**Same — Narrations of Conspirators.**—Upon a charge of conspiracy to defraud, such declarations, being a mere narration of past events, and not made in furtherance of the conspiracy, are not admissible. Evidence of this character is confined to that which would fall within the rule of *res gestæ.*

Appeal by defendant Ralph Rees from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial. The case is stated in the opinion.

*L. L. Longbrake* and *Rea, Woolley & Kitchel,* for appellant.

The declarations of Jennie Apt, made subsequent to the sale, are not competent to prove the conspiracy. *Hathaway* v. *Brown,* 18 Minn. 373, (414, 428;) *Cuyler* v. *McCartney,* 40 N. Y. 221; *Gillespie* v. *Walker,* 56 Barb. 185; *Lormore* v. *Campbell,* 60 Barb. 62; *Lee* v. *Huntoon,* Hoffman, Ch. 447; Abbott on Trial Evidence, 740, 741.

*Rogers & Rogers* and *J. H. Giddings,* for respondents.

Ordinarily a sale cannot be impeached by the subsequent declarations of the vendor. The court will, however, notice that the rule is founded upon the equitable principle that the vendee should not suffer from the subsequent animosities or dishonesty of the vendor. In this case appellant and his sister, Jennie Apt, acted in unison before and after the sale. The declarations of Jennie Apt were made in a legal proceeding and when antagonistic to respondents. There was ample foundation for the introduction of Jennie Apt's declarations. *McDowell* v. *Rissell,* 37 Pa. St. 164; *Hartman* v. *Diller,* 62 Pa. St. 37.

DICKINSON, J. Action in the nature of a creditor's bill, to set aside a pretended sale of a stock of merchandise by the defendant Jennie Apt, a judgment debtor of the plaintiffs, to the defendant Rees, upon the ground that the transaction was effected pursuant to a conspiracy between the said defendants to cheat and defraud the creditors of said Jennie Apt; that it was without consideration, and was fraudulent as to such creditors. Upon the trial the court received in evidence certain declarations made by the defendant Jennie Apt subsequent to the alleged sale. Such declarations consisted of a narration of circumstances which had induced her to sell to Rees, and tended to show the transaction fraudulent on the part of both parties. This evidence was incompetent, and its reception, Rees objecting, was error. *Burt* v. *McKinstry*, 4 Minn. 146, (204;) *Derby* v. *Gallup*, 5 Minn. 85, (119;) *Zimmerman* v. *Lamb*, 7 Minn. 336, (421;) *Howland* v. *Fuller*, 8 Minn. 30, (50;) *Shaw* v. *Robertson*, 12 Minn. 334, (445;) *Blackman* v. *Wheaton*, 13 Minn. 299, (326;) *Hathaway* v. *Brown*, 18 Minn. 373, (414–427;) Bump on Fraud. Conv. 568, and cases cited.

Although the issue involves the question of fraud on the part of the vendor as well as on that of the vendee, that does not render the evidence admissible for the purpose of proving fraud on her part. For the consideration of the question now before us we may regard the case as one of a sale in fact made, and which plaintiffs seek to have adjudged void as to them for fraud. The evidence in question was offered by plaintiffs expressly "to show fraud in the sale to Ralph Rees." As between the parties, the transfer, although made with intent to defraud creditors, was effectual to divest the one party of her property and to vest it in the other. Thenceforth the title of the vendee, which the vendor cannot question, is not to be impeached by her mere declarations; she having parted with her title, and having no right to resume it, her interest is no longer involved. The object of the action is to take the property from the vendee, or to subject it in his hands to the claims of creditors, notwithstanding the sale. Hence the facts going to invalidate the sale as to creditors must be proved by evidence which is competent as to the vendee. *Cuyler* v. *McCartney*, 40 N. Y. 221, 226. The mere declarations of

the vendor, made after the sale, and constituting no part of the transaction itself, but being only a narrative of past events, are not admissible. The case is within the rule which excludes hearsay evidence. The declarations in question are not claimed to have been admissible as being made by one in possession of property, and explaining or characterizing such possession; nor were they of a character to be receivable on that ground. The evidence was not admissible against Rees as the declaration of a co-conspirator. Such declarations are admissible as against co-conspirators only as they come within the rule of *res gestæ*. 1 Phillipps on Ev. 205–208. A mere recital or narration of past events, not made in furtherance of the conspiracy and not connected with the transaction in question, is not within the rule.

Subsequent to the alleged sale, proceedings supplementary to execution were instituted, and the defendant Jennie Apt made disclosure as required by statute in such proceedings. This disclosure was introduced in evidence by the plaintiff, defendant Rees objecting. The evidence was not admissible. In so far as the disclosure was in the nature of admissions, on the part of the vendor, of facts showing fraud, what we have already said is applicable. It makes no difference that the admissions were made under oath. The proceeding was no part of this action. Rees was not a party to it, and had no right to cross-examine.

The order refusing a new trial must be reversed, and a new trial granted. Ordered accordingly.