MATTICE v. STREET.

Under Comp. Laws, § 5024, defining a judgment as the final determiation of the rights of the parties in the action, an instrument headed, "Judgment for Plaintiff," and which is treated by the parties as a judgment at the time of its rendition, containing the findings of the court, and reciting that it is considered and adjudged that plaintiff have and recover judgment against defendant for a certain sum, is a judgment on which execution may issue, though it fails to comply with any approved form.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Brookings county. Hon. Julian Bennett, Judge.

Action by M. B. Mattice against E. E. Keith, assignee of plaintiff, and Mathias Street. From an order granting leave to issue an execution, defendant Mathias Street appeals. Affirmed.

*Alexander & Hooker,* for appellant.

*Cheever & Cheever,* for respondent.

Fuller, P. J. The only question presented by this appeal from an order granting leave to issue an execution is whether the following duly recorded, instrument constitutes a judgment: "State of South Dakota, County of Brookings—ss.: In Circuit Court, Third Judicial Circuit. At a trial term of the circuit court, within and for the said county of Brookings, in the Third judicial circuit of the State of South Dakota, held at the court house at the city of Brookings on the 12th day of March, A. D. 1890. Present: The Hon. Francis R. Aikens, Judge Presiding, and the officers of said court. M. B. Mattice, Plaintiff, v. Mathias Street, Defendant. Judgment for plaintiff. This action having been reached for trial, and called for trial, in the regular order upon the trial calendar, by Hon. F. R. Aikens, trial judge, at a regular trial term of the circuit court, held in the court house in Brookings, in and for the said county, on the 12th day of March, A. D. 1890, the plaintiff being represented by R. N. Brown, his attorney, and the defendant being represented by Mathews & Murphy, his attorneys, the plaintiff, by his attorney, moved the court for judgment for plaintiff upon the pleadings, upon the ground that: First, That the first and second paragraphs of defendant's answer were admissions of allegations of the plaintiff's complaint. Second, that the third allegation of defendant's answer is not a defense to this action or any part thereof. The court, having heard the arguments of

counsel for the respective parties, and being fully advised in the premises, it is considered and adjudged by the court that the allegations of the first and second paragraphs or subdivisions of the defendant's answer are admissions of the allegations of plaintiff's complaint, and that the allegations of the third paragraph or subdivision of defendant's answer is not a matter of defense to the whole or any portion of plaintiff's complaint. Now, on motion of R. N. Brown, plaintiff's attorney, and upon proof of plaintiff produced in open court, it is considered and adjudged by the court that said plaintiff have and recover judgment against the defendant herein for the sum of $220.61 as demanded in the complaint, and $81.10, as accrued interest thereon since November 10, 1885, amounting in the whole to $301.71, besides costs and disbursements of this action, to be taxed by the clerk of this court, as provided by law, and entered herein taxed at $57.61, and amounting in the whole to the sum of $362.32. Attest: Done in open court the 12th day of March, 1890. By the court, FRANCIS R. AIKENS, Judge. Louis Patnaud, Clerk." Though informal, this paper, denominated a judgment, and so treated by all the parties at the time of its rendition, is the court's final expression as to the rights of the parties to the action, predicated on the pleadings and the proof. Our statute (Comp. Laws, § 5024) defines a judgment to be "the final determination of the rights of the parties in the action." While this document might aptly be called an order for judgment, the relief granted is expressed in unambiguous terms by a tribunal of competent jurisdiction, and, when incorporated in the judgment book by the proper ministerial officer, it became a judgment. Though, perhaps, superfluous, the paper under consideration contains the findings upon which the trial court based its final conclusion, and the party in favor of whom judgment for a sum certain is adjudged

is clearly designated. Therefore, the record plainly shows that an adjudication took place, and, there being no error or defect affecting the substantial rights of either party, the failure to strictly comply with an approved form must be disregarded. The order granting leave to issue an execution thereon is affirmed. .