### G. GLAUCKE v. FRED. GERLICH.[1]

January 15, 1904.

Nos. 13,658—(102).

**Justice of Peace—Entry of Judgment.**

It is not necessary for a justice of the peace to enter a formal order for judgment in his docket, but it is sufficient if stated therein that the court rendered judgment in favor of the plaintiff for a certain amount and for a designated sum as costs, which is in compliance with section 5022, G. S. 1894.

**Evidence.**

Upon a consideration of a conversation between the vendor of property and a third party, *held* that, while statements of the former after he had executed a bill of sale to the latter would not be admissible to attack the vendee's title to the transfer after the sale, the evidence admitted was not prejudicial.

**Appeal—Question not Reviewable.**

*Held*, in an action by the alleged purchaser of personal property, which had been levied upon by virtue of an execution against the owner, that the latter, not having either asserted or claimed to the court that there was an excessive levy, cannot under the facts herein on appeal avail himself of that claim.

Appeal by plaintiff from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for judgment not-

---

[1] Reported in 98 N. W. 94.

withstanding the verdict or for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*W. R. & C. D. Geddes* and *Daniel Buck,* for appellant.

*A. E. Clark,* for respondent.

LOVELY, J.

Claim and delivery for a quantity of wheat seized on execution at the suit of plaintiff, who asserts ownership by virtue of a bill of sale from his son, who was in actual occupation of the farm on which the grain was raised. Defendant justified as sheriff under an execution issued upon a judgment in justice court for a third party. There was a verdict for defendant. A motion for a new trial was denied. Plaintiff appeals.

From the evidence it appears that plaintiff owned a farm, which was during the season of 1901 occupied by his son Paul, the judgment debtor, under an arrangement to operate it for the father on shares, he living there and the father elsewhere. There was evidence tending to show that the son was in financial difficulties, and that on July 10 of this year plaintiff took from Paul a bill of sale of the latter's interest in the crops, which had not been fully harvested. The sheriff upon execution seized the entire crop to satisfy the same, and the good faith of the alleged sale was the subject of the controversy. When the levy was made, the son, as already stated, was in actual or formal possession of the property, which continued thereafter, although it was insisted that in such possession he was, after the bill of sale, the representative or agent of his father. The bona fides of the sale were attacked by defendant, and attempted to be sustained by plaintiff, which was, upon the evidence, fairly a question of fact. The jury, by their verdict, found it to be colorable and void, and from our examination of the record we hold that this result must be sustained, and the verdict upheld, unless there were errors in orders upon the trial which prejudiced plaintiff's rights.

In attempting to establish the judgment upon which the execution was issued the docket of the justice by whom it was rendered was received in evidence, and among other statements of the proceedings at the proper place the following entry appears:

"The court thereupon rendered judgment in favor of the plaintiff and against the defendant for $79.94 and costs of suit taxed at $2.45,"

which was the only showing of the indebtedness of the son to plaintiff. It is insisted for the plaintiff that a justice of the peace must enter a full and complete order for judgment, which was not done. While such entry would have been proper, we do not think it was essential, but that it sufficiently appears by the above extract from the justice's docket that section 5022, G. S. 1894, had been reasonably complied with. It is fairly inferable from the entry that a judgment was rendered as therein declared, the amount of damages and costs stated, each definitely, which is all that is required.

A collector, some time after the alleged bill of sale was executed, called upon the son, who was then in apparent and formal possession of the farm and crops, and in the absence of the plaintiff had a conversation with him, when there were negotiations for a payment of the debt, in which the collector said that if Paul would agree to a settlement he would go and see his father for him, when the son said he did not want him to do that, but would pay the debt after he had threshed. It is here claimed that the admission of this conversation was erroneous, since it impliedly embraced a denial by the vendor of the vendee's ownership of the property. While it is true that generally the vendor of property cannot, after a sale of the same, prejudice the vendee's rights by any ex parte denial of the bona fides of the transaction (Adler v. Apt, 30 Minn. 45, 14 N. W. 63), yet we are unable to attribute to this conversation the inference which counsel draws therefrom, and, in any event, its admission could not have been prejudicial to plaintiff's rights.

It was also urged that there was an excessive levy; that the defendant seized and sold on execution a much larger quantity of property than was necessary to satisfy the amount of the judgment; but it is sufficient to say with reference to this point that no question was raised at the trial which required the court to pass upon the immediate right of the son to the possession of the property. Under the claims of the parties as presented by the pleadings and the evidence the right to the property was in the plaintiff, and he was entitled to recover the

value of the whole thereof or none of it. Any question which might have arisen if the son was asserting his title to recover is not here for any purpose.

Some criticisms are made of the instructions of the court, but a careful examination of the entire charge shows that the plaintiff's rights were fully presented upon the issues and the evidence, and he was as well protected by the proper rules governing the case as he had a right to require.

There are other assignments of error, but from the careful examination we have given to the record we do not find it necessary to give them further notice.

Order affirmed.