ALPHILDA NELSON, APPELLEE, v. WILLIAM H. SCHMOLLER ET AL., APPELLANTS.

FILED DECEMBER 7, 1906. No. 14,526.

1. Justice of the Peace: JUDGMENT: ENTRY. The entry of a judgment by a justice of the peace, although informal and not technically exact, is sufficient as against a collateral attack, if his docket entry, taken as a whole, shows that he reached and entered a conclusion as a final determination of the action then pending before him. *Fowler v. Thomsen*, 68 Neb. 578.

2. Conversion. The plaintiff in a replevin action cannot be held for conversion of the property taken on the writ pending a trial of the cause, unless he has sold or otherwise appropriated the property, and such an action will not lie after judgment finding him entitled to the possession on account of a special ownership, unless he has done some act in relation to the property inconsistent with the right conferred on him by the judgment.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed*.

*A. S. Ritchie* and *Charles L. Fritscher*, for appellants.

*John F. Stout* and *A. C. Wakeley, contra*.

DUFFIE, C.

December 6, 1899, Schmoller & Mueller, the appellants, commenced an action in replevin in justice court against Alphilda Nelson, the appellee, to recover possession of a certain piano. The case was tried January 15, 1900, and

the following judgment entry made by the justice: "Plaintiff and defendant appeared by their attorneys.  A. C. Mueller and W. H. Schmoller, plaintiffs, and Charles E. Adolf, bookkeeper of plaintiffs, having been duly sworn and testified, after consideration the court finds the right of possession of property in controversy to the plaintiffs and assess his damages for the tention of same at one cent and the defendant pay costs.  Witness my hand this 15th day of January, 1900. William Alstadt, Justice of the Peace."   Mrs. Nelson appealed to the district court, where, as appears from a stipulation of parties, the appeal on plaintiff's motion was dismissed and the justice court ordered to proceed with the execution of judgment. Thereafter, and on December 7, 1903, this action was commenced to recover from Schmoller & Mueller the value of the piano in controversy, upon the theory that the same had been converted by the defendants.  The answer justified the taking of the piano by the defendants, alleging that prior to such taking they leased the piano to the plaintiff, and that title thereto and ownership thereof had at all times been in the defendants; that on December 6, 1899, the defendants commenced suit in replevin to recover possession of the property, and that on January 15, 1900, on a trial before Justice Alstadt, a judgment was rendered adjudging the right of possession and right of property to be in Schmoller & Mueller; that an appeal from said judgment to the district court had been dismissed, and the case remanded to the justice court, and the judgment of the justice had ever since remained in full force and effect.   After the plaintiff had introduced her evidence, which included the judgment entry above quoted, together with a full transcript of the proceedings had before the justice in the replevin action, the court directed the jury to return a verdict for the plaintiff, upon which judgment was entered, and Schmoller & Mueller have appealed.

It is argued with great earnestness that the entry by the justice on the final trial amounts to nothing more

than a finding, upon which no judgment has ever been entered, and that no final judgment has yet been entered in the replevin action. Numerous cases are cited in support of this contention, and *Brounty v. Daniels,* 23 Neb. 162, which was also an action in replevin, is especially relied upon by the appellee. In that case the material part of the judgment entry objected to was as follows: "Whereupon, after having duly considered the evidence offered by plaintiff, the court finds that the right to the property and right to possession of said property, when this action was commenced, was in the plaintiff, and assess his damages in the premises in the sum of $35; and also his costs herein expended, taxed at $9.20." Relating to this entry this court, by chief justice REESE, said: "The questions presented by this record are: First, was there a judgment rendered in the county court?    *    *    *    As to the first question we think there can be no doubt. A judgment is defined to be 'a final determination of the rights of the parties in the action.' Civil code, sec. 428. In this case there is simply a finding of fact as to the ownership of the property and the assessment of damages.    *    *    *
In the proceedings now under consideration, we find that the county judge in effect rendered the finding and verdict upon the facts, similar to what is required of a jury in a similar case. Nothing more can be claimed for it. This being done, it then remained for the county court to render judgment against the defendant, which *was not done.* A finding in fact is not a judgment." If this case and several others cited by the appellee were the only authorities to guide us, we would be compelled to hold that the entry made by Justice Alstadt, and relied on by the appellants as constituting a judgment, was nothing more than a finding of facts corresponding to the verdict of a jury; but in *Fowler v. Thomsen,* 68 Neb. 578, nearly all the cases heretofore passed on by this court relating to the sufficiency of a judgment entry by a justice of the peace were reviewed, and the rule finally adopted that the judgment entry is sufficient if it shows the relief granted,

and that it was made by the court whose record it is, and that this rule is to be applied liberally to justice's proceedings. For this purpose it was held that resort may be had to the marginal notes, to the files in the case and to the the entire record to ascertain what was done and who did it, and the judgment entry similar to the one in question, except that the action was on a money demand, was held to show a valid judgment, and not subject to collateral attack.

In the case at bar the marginal notes on the justice's docket refer, among other items, to the entry of a judgment and the taxation of the justice's fees therefor, and the whole record shows without doubt that it was the intention of the justice to enter final judgment in the case. This intention, it would seem, under our last holding, is sufficient. As said in *Fowler v. Thomsen, supra*: "The question is, does this transcript, taken as a whole, show that he reached that conclusion as a final determination of the action then pending before him? If it shows that he did, and that he entered it as such determination, until it is reversed, it will support an execution." Assuming, as we must, that the judgment of the justice is not void, what are the rights of the parties? That conversion cannot be maintained by Mrs. Nelson for the conversion of a piano taken from her on the writ of replevin by Schmoller & Mueller while the action is pending, unless before the trial Schmoller & Mueller had sold and disposed of the same, is a question not open to controversy. There was no evidence before the court to show a conversion by Schmoller & Mueller before the trial in justice court. That question is, therefore, not in the case. The trial in justice court having resulted in a judgment finding Schmoller & Mueller entitled to the possession of the property, their retention of possession, unless they have done some act inconsistent with the rights conferred upon them by the judgment, cannot amount to a conversion of the piano. Their affidavit in replevin alleged "that the plaintiffs have a special ownership in the above described

property by virtue of a lease executed by defendant and given plaintiffs, and there is due the sum of $15.37." It appears, therefore, from their own affidavit that their interest in the piano was a special interest, amounting to $15.37, and their right of possession would continue until this amount, with the costs of suit, was paid or tendered to them. The judgment of the justice must be construed in the light of the record made, and while it fails to describe the interest of Schmoller & Mueller in the piano, that interest is fully set forth in their own application for the writ. If since the entry of the judgment Mrs. Nelson had paid them this amount, with the costs of suit, or made a tender thereof, then their interest in the piano and their right of possession has ceased, and their further retention of the piano would amount to a conversion; but no such payment or tender is alleged in the plaintiff's petition, nor was any evidence of such payment or tender offered. Neither was it shown that Schmoller & Mueller had sold the piano and converted the proceeds. It may be that Schmoller & Mueller are still holding the piano as security for their claim. In this condition of the case the court erred in directing a verdict for the plaintiff below. It may be that Mrs. Nelson will be able to amend her petition, alleging facts showing a conversion by the appellants, but on the record made the judgment of the district court will have to be reversed and the cause remanded, and we so recommend.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.