## FIRST NAT. BANK OF MADILL v. COLLINS.

No. 1383.   Opinion Filed December 12, 1911.

(120 Pac. 245.)

**JUSTICES OF THE PEACE—Appeal—Pleading—Harmless Error.**   Very liberal rules of construction should be applied to the pleadings in the courts of justices of the peace, and, where the bill of particulars states in an ordinary and concise manner the essential facts, this court will not reverse the lower court for overruling a demurrer to the bill of particulars, unless it appears that some substantial right of the defendant has been prejudiced by the ruling.

(Syllabus by Ames, C.)

*Error from Marshall County Court; J. W. Falkner, Judge.*

Action by J. M. Collins against the First National Bank of Madill to recover usurious interest.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*W. I. Horton, R. A. Smith, Summers Hardy,* and *Wm. M. Franklin,* for plaintiff in error.

*Albert W. Rison,* for defendant in error.

Opinion by AMES, C.   This action was commenced in a justice court for the purpose of recovering usurious interest, which had been paid by the plaintiff to the defendant.   Before the trial the plaintiff filed an amended bill of particulars, adding an additional transaction in which usury had also been collected. The case was tried and judgment rendered in the justice court for the plaintiff.   In the county court, after appeal taken, the defendant moved to strike out the new matter included in the

amended bill of particulars, because it was a new cause of action, being a separate interest transaction. This motion was overruled. The defendant then demurred to the amended bill, and the demurrer was overruled. The defendant elected to stand upon the demurrer, judgment was rendered for the plaintiff, and the case is here by petition in error. The errors assigned are that the court erred in overruling the motion to strike, and erred in sustaining the demurrer.

In cases before justices of the peace the rules of pleading are, and should be, very liberal; in fact, the only pleading required by the statute is a bill of particulars, and this is not even called a petition. It is merely required to state in a plain and direct manner the facts constituting the plaintiff's claim. Comp. Laws 1909, sec. 6336. A justice of the peace is not required to be a lawyer, and, in fact, many of them are not. It was not the contemplation of the people of the state creating these courts to incumber them with intricate procedure and legal technicalities, and, where the bill of particulars in a plain and direct manner states the facts constituting the plaintiff's claim or cause of action, it is sufficient under the statute, and technical objections to such pleadings should not reverse a case, unless it affirmatively appears from the record that some substantial right has been prejudiced thereby. *Holden v. Lynn, infra,* 120 Pac. 246, just decided; *Twine v. Kilgore,* 3 Okla. 640, 39 Pac. 388; *Brewer et al. v. Black,* 5 Okla. 57, 47 Pac. 1089; *Jacks v. Nelson,* 34 Ark. 531; *Butts, Adm'r, v. Phelps,* 90 Mo. 670, 3 S. W. 218. The bill of particulars in this case states plainly the claim of the plaintiff. The copies of the notes on which usurious interest was alleged to have been charged are attached.

We think it is sufficient under the statute, and, in view of the fact that no defense on the merits was offered, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.