## FOOSHEE & BRUNSON v. SMITH.

No. 2012.  Opinion Filed June 25, 1912.

(124 Pac. 1070.)

1. **JUSTICES OF THE PEACE**—Procedure—Judgment. The judgment of a justice of the peace, although informal and not technically exact, is sufficient if, taken as a whole, it shows that a conclusion was reached and entered which was intended as a final determination of the action then pending.

2. **SAME**—Decisions Reviewable—Final Judgment. Such a judgment is a final one from which an appeal to the county court may be taken upon compliance with the statutory provisions regulating appeals from justices of the peace.

3. **JUDGMENT**—Nature and Requisites. A judgment is the final determination of the rights of the parties in an action. Section 5916, Comp. Laws 1909.

4. **JUSTICES OF THE PEACE**—Decisions Reviewable—Final Judgment. In an action by F. & B. against S. to recover a money judgment, brought in a justice of the peace court, the judgment rendered, after a trial upon the merits, dismissed plaintiff's action but charged the costs to the defendant. Held a final judgment from which an appeal to the county court could be prosecuted, and that the dismissal of such an appeal constitutes reversible error.

5. **JUSTICES OF THE PEACE**—Procedure—Judgment. Much less degree of technicality and formality is required in the judgments of justices of the peace than is exacted in respect to the judgments of courts of record.

6. **JUSTICES OF THE PEACE**—Appeal—Trial De Novo. Section 14 of article 7 of the Constitution of Oklahoma requires all cases appealed from a court of a justice of the peace to be tried de novo in the county court.

(Syllabus by Sharp, C.)

Fooshee & Brunson v. Smith.

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by Fooshee & Brunson, Assignee of the People's Furniture Company, against E. S. Smith before a Justice of the Peace. Upon trial, the action was dismissed at defendant's costs, and plaintiff appealed. Appeal dismissed, and plaintiff brings error. Reversed and remanded.

*Fooshee & Brunson,* for plaintiff in error.

*C. M. Threadgill,* for defendant in error.

Opinion by SHARP, C. This action was originally brought before J. M. Wilson, a justice of the peace for Coalgate township, Coal county, Okla., and after a mistrial the venue was changed and a second jury trial had before J. H. Waldecker, a justice of the peace for Phillips township, Coal county, Okla. This trial also resulted in a disagreement of the jury, and a third trial was had before the justice without the intervention of a jury, and resulted in the rendition of the following judgment:

"Now on this 5th day of April, 1910, the court having considered the whole case of Fooshee & Brunson v. E. S. Smith, and being fully advised in the premises, is of the opinion that the case should be dismissed as to the defendant. But as he signed the note upon which suit is brought and failed to take the same up at the time of settlement, then he should pay the cost of this suit. It is therefore adjudged, ordered, and decreed by the court that this suit be and the same dismissed against the defendant at his cost, this is my judgment until further action is taken upon this case."

On the 13th day of April, following, an appeal bond, signed by two sureties, was tendered the justice of the peace, and on said day was filed and approved by him by his written indorsement thereon. Thereupon a transcript of the proceedings in said case was made up, which transcript was on the day following duly certified by said justice of the peace, and the undertaking for appeal and transcript were filed in the office of the county court on April 19th thereafter. On July 5, 1910, the defendant filed a motion to dismiss the appeal upon two grounds: First, that the appeal bond was not in form and substance as required

by statute; second, that the judgment from which the appeal was taken was not a final judgment; and on the 7th day of July said motion to dismiss, coming on to be heard, was by the court sustained. No attempt is made by defendant in error in his brief to show wherein the undertaking on appeal is insufficient. We have, however, examined the bond and find it to contain all the statutory requirements. Hence there is no merit whatever in this contention.

The remaining question is, Was the judgment from which the appeal was taken a final judgment from which an appeal could be prosecuted? Section 6386, Comp. Laws 1909, provides:

."In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of the justice of the peace to the county court of the county where the judgment was rendered. * * * "
—while section 6395 provides:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession; second, in jury trials, where neither party claims in his bill of particulars a sum exceeding twenty dollars."

Section 6066 provides:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer. exercising judicial functions, and inferior in jurisdiction to the district court (county court), may be reversed, vacated or modified by the district court (county court)."

Various definitions of a final judgment may be found in *Annis v. Bell,* 10 Okla. 647, 64 Pac. 11. Regardless of the attempt to reserve jurisdiction at the conclusion of the judgment, it appears from the proceedings had that the judgment was in fact a final one. It is obvious from the record of the judgment that the trial involved a consideration of the merits of the controversy. The issues had been joined on plaintiff's bill of particulars by a written answer containing seven paragraphs, and it is recited in the judgment:

"Now on this the 2d day of April, 1910, this cause coming on for trial and the parties, plaintiffs and defendant, being pres-

ent in person and being represented by counsel, and the party defendant being present in person and being represented by counsel, and both parties announcing ready for trial, and both parties waiving a jury, and the court having heard all of the evidence, and the argument of attorneys on both sides, took the whole case under advisement."

Almost the identical question was before the Supreme Court of Kansas in *Reedy v. Gift et al.,* 2 Kan. 392, where it was said in the opinion:

"The plaintiff had filed a very full bill of particulars. The defendant's motion set up many things which did not appear upon the face of the papers, any one of which, if sufficient for a dismissal, was sufficient as a plea in bar, and could not properly be tried without proof, and, if sustained by proof, would be a complete bar to another suit for the same cause of action. We are bound to presume that the magistrate had sufficient proof to warrant the judgment he rendered. Such being the case, it must necessarily have been a trial upon the merits, no matter what it may have been called. It may have been regarded as a motion to dismiss, but it was in fact and effect a trial of the cause of action, and the judgment, although upon its face a judgment of dismissal, is a judgment upon the merits. It finally disposes of the cause of action set out in the bill of particulars, and would be a complete answer to another suit upon that cause of action."

Regardless of the form of the judgment, the case having been considered and decided on its merits, and the rights of the respective parties to the controversy being concluded, the judgment was therefore a final one within the meaning of the statute authorizing appeals from justices of the peace. *Collins v. Wagoner,* 20 Wis. 52; *Stoppenbach v. Zohrlaut et al.,* 21 Wis. 390; *Parsell v. Smyers,* 7 Ark. 55; *Brenner v. Bigelow,* 8 Kan. 496. The case of *Board of Commissioners v. Moon,* 8 Okla. 205, 57 Pac. 161, cited by counsel for defendant in error, is not in point; the judgment there being held a nullity by reason of the fact that the amount of recovery was left blank.

It is urged that the concluding part of the judgment, "this is my judgment until further action is taken upon this case," is evidence of the fact that the justice of the peace did not intend the judgment to be a final one. The judgment dismissed

plaintiff's action, but for some reason taxed the costs to the defendant. It therefore disposed of the entire controversy between the parties, and this view is fully sustained by the subsequent action of the justice of the peace in receiving, examining, filing, and approving the undertaking on appeal on the 13th day of April, and on the day following, certifying to a transcript of the proceedings, and by the further fact that on the 7th day thereafter all papers were filed in the office of the county court.

In *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246, it was said in the syllabus:

"Very liberal rules of construction should be applied to pleadings in a justice of the peace court, and technical objections will not be allowed to reverse a judgment, where it is apparent from an examination of the entire record that no substantial right of the party raising the objection should have been affected by the ruling, and where a reversal on that ground would tend to defeat the ends of justice."

To the same effect is *First Nat. Bank of Madill v. Collins,* 30 Okla. 497, 120 Pac. 245. The same liberal rules of construction should be applied to the orders and judgments of justices of the peace.

In *Wilton Town Co. v. Humphrey,* 15 Kan. 373, Brewer, J., speaking for the court with regard to the sufficiency of the proceedings in the courts of justices of the peace, said:

"Great allowance often has to be made in the proceedings of these officers for their lack of knowledge of legal phraseology and their want of familiarity with the requirements of judicial proceedings, so that, if there can be gathered from the record what the magistrate intended to do and decide, and there is that which, however irregularly and inartificially prepared, can be construed into an expression of that intention, the record will be upheld as a sufficient record of the intended act and decision."

It may be said, as a general rule, that no particular form is required in the proceedings of an inferior court, such as a justice of the peace, in order that its judgments may be sustained, and whether it is sufficient is to be determined from its substance rather than from any particular language that may be employed. *Cameron v. Great Northern Ry. Co.,* 8 N. D. 124, 77 N. W. 1016; *Swain, Adm'x, v. Gilder,* 61 Miss. 667; *Mattice v. Street,*

15 S. D. 63, 87 N. W. 522; *Haag v. Burns,* 22 S. D. 51, 115 N. W. 104; *Stemmons v. Carey,* 57 Mo. 222; *American Cotton-Bale Imp. Co. v. Forsgard et al.* (Tex.) 47 S. W. 475; *Nelson v. Schmoller et al.,* 77 Neb. 717, 110 N. W. 658; *Morgan v. Wiley* (Del.) 79 Atl. 1069; *Glaucke v. Gerlich,* 91 Minn. 282, 98 N. W. 94. A much less degree of technicality and formality is required in judgments of justices of the peace and in other inferior courts than is exacted in respect to judgments of courts of record.

Section 6381, Comp. Laws 1909, provides that, when the trial is by a justice, judgment must be entered immediately after the close of the trial. This was done, and the judgment thus rendered became final regardless of the concluding paragraph, which should be treated as mere surplusage, and as not affecting in any way the conclusions arrived at by the justice. That the judgment was intended as a final one is conclusively shown by the fact that no subsequent orders affecting the judgment were made or attempted, and that thereafter the appeal bond was filed and approved, and the transcript made out and certified to.

It is suggested by counsel for defendant in error that plaintiff could have taken a bill of exceptions from the rendition of the judgment, and in this way brought before the court for review the errors complained of, and he refers to the procedure formerly authorized under section 6377, Comp. Laws 1909. This section, together with sections 6376 and 6378 of the same statutes, has been held to be repugnant to article 7, sec. 14, of the Constitution (Williams' Ann. Const. Okla., sec. 199), and was therefore not extended over and put in force in this state by section 2 of the Schedule to the Constitution. *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253; *Patten v. Cagle,* 32 Okla. 499, 122 Pac. 154; *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661.

The cause should therefore be reversed and remanded, with instructions to proceed in accordance with this opinion.

By the Court: It is so ordered.