## BUCKHOLTS v. FARRELL.

No. 2995.   Opinion Filed November 18, 1913.

(136 Pac. 745.)

**JUSTICES OF THE PEACE—Appeal—''Judgment''—Order Overruling Motion to Quash Execution.** An order overruling a motion to quash an execution issued by a justice of the peace is not a ''judgment'' within the meaning of section 14, art. 7 (section 199, Williams' Ann. Ed.), Constitution, or of section 6386, Comp. Laws 1909 (Rev. Laws 1910, sec. 5465); and therefore no appeal lies therefrom to the county court.

(Syllabus by Thacker, C.)

*Error from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Action between R. E. L. Buckholts and J. W. Farrell, brought before a Justice of the Peace. The County Court dismissed an appeal from an order of the Justice overruling a motion to quash a writ of execution, and Buckholts brings error. Affirmed.

*J. M. Humphreys,* for plaintiff in error.

*D. H. Linebaugh,* for defendant in error.

Opinion by THACKER, C.   This is an appeal from an order of a county court dismissing for want of jurisdiction an appeal thereto from an order of a justice of the peace overruling a motion to quash a writ of execution issued by such justice and attacked by motion as being unsupported by any proper judgment of record and for an excessive amount.

In the appeal from the justice court there was a petition in error and bill of exceptions; but there was also an appeal bond entered into, which we assume, without deciding, complies with section 6387, Comp. Laws 1909 (Rev. Laws 1910, sec. 5466); and, besides a transcript of the justice's docket, the case-made seems to justify the inference that not only the petition in error and bill of exceptions, but all the original papers in the case, were filed in the county court.

It has been repeatedly held by this court that sections 6376-6378, Comp. Laws 1909 (Rev. Laws 1910, secs. 5455-5456), relating to bills of exception, are repugnant to article 7, sec. 14 (section 199, Williams' Ann. Ed.), Constitution, providing that trials shall be *de novo* on appeals to the county court until otherwise provided by law, and therefore were not extended over and put in force by section 2 of the Schedule of the Constitution (*Fooshee & Brunson v. Smith,* 34 Okla. 247, 124 Pac. 1070; and *Cullen et al. v. Sloniker, ante,* 135 Pac. 341), and at the time of the appeal of this case there had not been a re-enactment of these repugnant sections; but, as an appeal bond was given and, we assume, all of the original papers, as well as the transcript of the justice's docket, were sent up to the county court, it does not appear material that plaintiff in error also attempted to avail himself of a bill of exceptions on appeal.

The question here seems to be this: Was the order overruling the motion to quash the execution from which the appeal was attempted to the county court a "judgment" within the meaning of the provision of the Constitution cited, *supra,* and section 6386, Comp. Laws 1909 (Rev. Laws 1910, sec. 5465)?

In 17 Cyc. 1162, it is said:

"Whether an appeal or writ of error will lie from an order quashing or refusing to quash an execution is a question upon which the authorities are in conflict; some authorities, among them the federal courts, hold that the order is not a final judgment from which a writ of error will lie; others hold the contrary."

That a motion to quash an execution issued by a justice of the peace is not only a proper practice but a necessary prerequisite to the right to bring and maintain a suit for injunc-

tion against a judgment upon the grounds of its invalidity, is shown by the case of *Missouri, O. & G. Ry. Co. v. Riley et al.,* 34 Okla. 760, 127 Pac. 391; but it does not follow that there is any right of appeal from an order of a justice disposing of such motion, as the right of appeal must depend entirely upon the constitutional and statutory provisions in that regard.  If such an order is not a "judgment" within the meaning of the constitutional and statutory provisions cited, the party aggrieved by such order is apparently without remedy other than a resort to a court having equity powers or, if his exempted property is wrongfully seized upon such writ, to an action of replevin; but, on the other hand, if such an order is a "judgment" from which an appeal lies to the county court the judgment debtor may always prevent or stay execution for an indefinite time by moving to quash the writ, and, if his motion is overruled, appealing first to the county court and then to this court; and section 4436, St. Okla. 1893 (changed by including county and superior courts in section 5236, Rev. Laws 1910), after specifying "judgment," reads:

"The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior, or district court, or a judge thereof:  First, A final order.  *  *  *"

Which quoted provision, of course, is superfluous if the word "judgment" includes such an order and indicates that the Legislature there used the words "judgment" and "final order" as having different meanings.

We are of opinion that the word "judgment' as used in authorizing appeals from justices of the peace does not include an order overruling a motion to quash an execution; that the county court did not err in dismissing the appeal for want of jurisdiction; and the judgment of the county court should be affirmed.

By the Court:  It is so ordered.