### STEPHENSON v. MALONE.

No. 26076.   Jan. 19, 1937.

36

Geo. B. Forrester and George Miller, for plaintiff in error.

Tom Williams, for defendant in error.

PER CURIAM. This is an appeal from the court of common pleas of Oklahoma county. The action is one in replevin and was commenced in a justice court by the defendant in error, as plaintiff, against the plaintiff in error and another, as defendants, to recover the possession of an automobile of the alleged value of $171. In this opinion the parties will be referred to in the order of their appearance in the trial court.

Plaintiff obtained a judgment in the justice court, and the defendants appealed to the district court. The cause was subsequently transferred to the court of common pleas and tried therein to a jury. Defendant demurred to the bill of particulars and objected to the introduction of any evidence thereunder; the demurrer was overruled and the objections denied. Defendant then answered with a general denial and affirmative plea to the jurisdiction of the court, alleging that plaintiff's claim was based on a contract for the loan of money of less than $300 in amount and that a greater rate of interest than 10 per cent. had been reserved, charged, or collected thereon. The jury returned a verdict in favor of plaintiff. The defendant A. V. Stephenson appeals from the judgment rendered on the verdict and the order overruling his motion for new trial. Defendant assigns 28 specifications of error in this court and presents them under the following propositions: (1) The complaint is insufficient; (2) the taint of usury precludes plaintiff's recovery; (3) defendant was denied a fair trial.

In support of the first contention, defendant urges that we must disregard the affidavit in replevin and look solely to the bill of particulars, and that when this is done, the allegations thereof must be held insufficient to state a cause of action in favor of the plaintiff. The bill of particulars alleged, in substance, that the plaintiff was the owner and entitled to the immediate possession of certain personal property, to wit, an automobile, and that defendant wrongfully detained the possession of said property from him and prayed judgment for its return. As said in First Nat. Bank of Madill v. Collins, 30 Okla. 497, 498, 120 P. 245, 246:

"In cases before justices of the peace the rules of pleading are, and should be, very liberal; in fact, the only pleading required by the statute is a bill of particulars, and this is not even called a petition. It is merely required to state in a plain and direct manner the facts constituting the plaintiff's claim. Comp. Laws 1909, sec. 6336. A justice of the peace is not required to be a lawyer, and, in fact, many of them are not. It was not the contemplation of the people of the state creating these courts to incumber them with intricate procedure and legal technicalities, and, where the bill of particulars in a plain and direct manner states the facts constituting the plaintiff's claim or cause of action, it is sufficient under the statute, and technical objections to such pleadings should not reverse a case, unless it affirmatively appears from the record that some substantial right has been prejudiced thereby."

To the same effect are the cases of Fooshee & Brunson v. Smith, 34 Okla. 247, 124 P. 1070, and Midland Valley R. Co. v. Green, 38 Okla. 305, 132 P. 1086.

On appeal the same rules on pleadings and procedure obtain. United States Fidelity & Guaranty Co. v. Alexander, 30 Okla. 224, 120 P. 632.

It appears from the record herein that the defendant borrowed some money from the plaintiff and gave him a note in the principal sum of $342 to evidence the debt, and that this was secured by a chattel mortgage on the automobile involved in this controversy. The indebtedness was payable in monthly installments of $28.50. The defendant made a number of payments as they fell due, but was unable to complete the transaction and refused to deliver the automobile to the plaintiff, and thereupon this action was commenced. It will thus be observed that, while the bill of particulars of the plaintiff was in no sense a model and is not to be commended, yet it fairly informed the defendant of the essential facts; that is, that plaintiff was claiming the ownership of the automobile and the right to its possession and

was demanding the possession thereof. The defendant was neither misled nor surprised by the plaintiff's failure to state the facts concerning his ownership and right to possession more fully and completely. Had the defendant made application therefor, he could have required the plaintiff to make his bill of particulars more definite and certain, but he did not elect to do this, and under the circumstances we are of the opinion that, under the liberal construction which should be accorded to a pleading in the justice court, the bill of particulars was sufficient to withstand a demurrer.

Defendant next contends that the transaction was tainted with usury, and hence precluded any recovery by the plaintiff. In support of this contention the defendant assumes that the contract conclusively came within the provisions of section 9522, O. S. 1931, which section reads as follows:

"No suit upon any contract entered into after the passage and approval of this act, of $300 or less, or any action in replevin or to foreclose any mortgage or lien given as security therefor, shall be maintained in courts of this state, and no petition or bill of particulars shall be filed or any process issued where the amount of such sum is $300 or less, unless at the time of filing such suit there shall be filed with such bill of particulars or petition an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state, and that a greater rate of interest than 10 per cent. has not been charged, reserved or collected on such contract or contracts sued upon: provided, that if upon the trial of any such suit brought upon any note, bill or other evidence of indebtedness of $300 or less, or in replevin, or for the foreclosure of any lien given to secure the same, it shall be shown by the evidence that the contract sued upon is usurious and made in violation of the interest laws of this state, said suit shall be dismissed at the cost of the plaintiff."

In order that the above statute may be invoked, it is essential that the relation of borrower and lender exist and that the transaction involve less than $300, and the burden is upon the defendant to establish such facts. Simmons v. McLennan, 101 Okla. 98, 223 P. 677; Rennie v. Oklahoma Farm Mort. Co., 99 Okla. 217, 226 P. 314. The mortgage executed by the defendant, and under which the plaintiff claimed the right of possession to the personal property in controversy, recites that it was given to secure the sum of $342, and hence prima facie the contract was not subject to the provisions of section 9522, supra. There was a stipulation that the mortgage which was offered in evidence was the mortgage which the defendant had executed, and the defense was that the consideration named was not the true consideration and that the amount involved was actually less than $300. The actual consideration was open to proof and the evidence offered was conflicting; that of the plaintiff tended to establish the consideration at $314.28, whereas that of the defendant tended to fix it at the sum of $299.28. Therefore, there was presented a question of fact for the determination of the jury. The jury by their verdict found that the contract was for an amount in excess of $300. This being so, then if there was anything due the plaintiff on the contract, he was entitled to recover the possession of the personal property. The question of usurious interest on a loan of more than $300 was not properly raised or presented and is not involved in this appeal.

The defendant next contends that he was denied a fair trial. This contention is based upon answers elicited from the defendant on cross-examination wherein he was questioned regarding his employment as an officer in the Army of the United States and the salary which he received in such capacity. While this testimony was wholly incompetent, irrelevant, and immaterial, since it did not tend to prove or disprove any issue in the case, however, it was invited by the defendant by reason of certain statements made by him in connection with his testimony in chief, and from an examination of the entire record it does not appear that the admission of this testimony probably resulted in a miscarriage of justice or that it deprived the defendant of either a substantial statutory or constitutional right, and under the provisions of section 3206, O. S. 1931, the same will be deemed harmless. No reversible error appearing in the record, the judgment of the trial court will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY and BUSBY, JJ., absent.