SHAW v. EDWARDS.

No. 32380. Dec. 17, 1946.

*175 P. 2d 315.*

Sam S. Gill and Lee Gill, both of Oklahoma City, for plaintiff in error.

Geo. A. Fitzsimmons, of Oklahoma City, for defendant in error.

PER CURIAM. Bertha Edwards, hereinafter called plaintiff, filed an action against the defendant, Roy Crane Shaw, in forcible entry and detainer to recover possession of a dwelling at 205 N.E. 16th street in Oklahoma City, The action was filed in the justice of peace court and a judgment rendered for the plaintiff. The defendant appealed to the court of common pleas, where a jury was waived and the cause tried to the court and a judgment rendered for the plaintiff, and the defendant appeals.

The action was commenced on January 11, 1945, by the filing of a complaint in the justice of peace court. The body of the complaint is as follows:

"Bertha Edwards, plaintiff in the above entitled cause, being duly sworn says that Roy Crane Shaw, having lawfully entered upon the following premises, situated in Oklahoma County in the State of Oklahoma, to wit:

"205 N.W. 16th St. in Okla. City, Okla. did, (after having been notified by said plaintiff to leave said premises, as required by law), on the 7th day of January, A.D. 1945, and ever since has and still does unlawfully and forcibly detain said premises from said plaintiff, who was then, and has ever since been, and is now, entitled to the possession of said premises."

Attached to this complaint was a notice dated November 16, 1944, requiring the tenant to quit the premises on or before January 1, 1945. There was also attached a notice dated January 4, 1945, which was served on January 7, 1945, which is the three-day notice prior to the commencement of an action in forcible entry and detainer. It is not disputed that both of these notices were served on the defendant by delivering a copy of each notice to the wife of the defendant at the dwelling.

The defendant presents three specifications of error. It is first argued that there was a failure to comply with the federal rent regulation for housing under the Emergency Price Control Act of 1942. 50 U.S.C.A. App. 942, et seq. On the 10th day of October, 1944, the Office of Price Administration issued a certificate under the federal rent regulations permitting the plaintiff to proceed under the state laws to obtain possession of the said premises. In said certificate is the following provision:

"Action to remove or evict the tenant shall not be commenced sooner than the expiration of 3 months after October 10, 1944 (the date of the filing of this petition for this certificate)."

Defendant, in effect, makes two arguments. The first argument is that in no event could the action be commenced before the 10th day of January, 1945. The record is that there was a mistake made in the said certificate and that the petition therein mentioned was actually filed on the 16th day of October, 1944, and was dated the 13th day of October, 1944. There is a stipulation to this effect in the record. In our opinion, the defendant is in no position to contest this certificate. Under the provisions of section 204 of the above statute regulating the control of rents during the war period it is specifically provided that before an objection may be made to any order or regulation a protest must be filed with the administrator issuing said order. Since that was not done, the certificate is final to the effect that the action could be commenced on or after the 10th day of January, 1945. Henderson v. Kimmel, 47 F. Supp. 635; Ritchie v. Johnson, 158 Kan. 103, 144 P. 2d 925. The defendant, therefore, is in no position to contest the right of the plaintiff to commence an action on or after January 10, 1945. Likewise, the issuance of the certificate did not prevent the service of the notice to vacate on November 16, 1944, or the notice before suit on January 7, 1945. The purpose of the certificate was to guarantee the tenant against any action by plaintiff prior to January 10, 1945, and

it did not interfere with the right to serve either the notice to vacate or the notice before suit. Henderson v. Kimmel, supra.

It is next argued that there was a failure of the complaint to allege that the three-day notice was served in writing more than three days before the commencement of the action. The complaint above referred to discloses that there is a statement therein that there had been a compliance with the law regarding the giving of notice. We are of the opinion, and hold, that the question has not been properly raised. At the trial he objected only to the sufficiency of the notice, first, because it was given too soon, and second, because it was served upon the defendant's wife and not upon the defendant.

We have held that a substantial compliance with regard to the proof of notice is all that is required. We are of the opinion that the only question presented in the case at bar was the sufficiency of the proof of notice. Sparks v. Calloway, 183 Okla. 332, 82 P. 2d 830; Stephenson v. Malone, 179 Okla. 35, 64 P. 2d 340.

It is next argued that there was a failure properly to serve the 30-day notice to terminate the tenancy. This argument is based upon the amendment of 41 O.S. 1941 § 9, as contained in S. L. 1941, p. 169. Prior to the amendment, notice was sufficient when served on the tenant personally or by delivering the same to some person over twelve years of age residing on the premises, having first made known to such person the contents thereof. The defendant argues that since the amendment it is necessary to serve the defendant personally if he can be found in the county, and that it is necessary to make an affidavit that he cannot be found before the notice may be delivered to a person thereafter named in the statute. With this contention we cannot agree. Apparently the purpose and intent of the amendment is to enlarge the power of a landlord to serve a notice where neither the tenant nor a member of his family or

other person over the twelve year age limit, residing on the premises, can be found.

We are of the opinion, and hold, that service upon the wife under the terms and provisions of the above section is sufficient. It is admitted that the defendant was absent from the premises and that the constable served the notice upon the defendant's wife in the manner provided by the above section.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.