## GLENN v. SOWELL et al.

No. 25050.    April 23, 1935.

Rehearing Denied May 21, 1935.

Luttrell & Holland, for plaintiff in error.

Hardin Ballard and Looney, Love & Caler, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Oklahoma county, dissolving a temporary injunction and refusing a permanent injunction.

The case arose out of the judgment of a justice of the peace, which appellant says is void. Defendant in error G. T. Sowell was the judgment creditor, and defendants in error Carl Traub, Cliff Myers, and W. W. Jennings were, respectively, justice of the peace, court clerk of Oklahoma county, and the sheriff of said county.

On the 11th day of January, 1929, the defendant in error Sowell filed his bill of particulars in the justice court of Carl Traub against the plaintiff in error, Mrs. J. B. Glenn, on her promissory note to him, on which he claimed a balance, after giving credit for payment, in the sum of $152.93, and $15 attorney's fee, as provided in the note. Summons was issued and personal service was had as required by law. There

was one continuance on the application of Mrs. Glenn, and on February 4, 1929, the cause came on for hearing, and upon Mrs. Glenn's failing to appear, default judgment was given in these words, as appears from the docket of the justice of the peace:

"Now, on this 4th day of February, 1929, this cause comes on for hearing. The defendant although duly summoned, fails to appear, and the evidence by the plaintiff having been heard, it is considered and adjudged by the court that the plaintiff recover of the defendant $152.93 the **amount of this account** with interest at 10% per annum until paid and the cost herein expended and $15 attorney fees." (Emphasis ours.)

Execution issued, was returned unsatisfied and the judgment was thereupon transcripted to the district court. Out of that court execution issued and the sheriff levied on the interest of Mrs. Glenn in certain lands owned by her, and advertised the same for sale.

It was to prevent the sale of these lands that plaintiff in error filed her suit in the district court of Oklahoma county collaterally attacking the judgment in the justice of the peace court.

Plaintiff in error narrows the issue to one proposition. Quoting from page 14 of the plaintiff in error's brief:

"The sole and only proposition contended for by this appeal is that the judgment of the justice of the peace was void on its face, and therefore of absolutely no force or effect and subject to attack in a direct or collateral proceeding. This proposition is raised in the petition under subdivision 'b' of paragraph '3rd' (Tr. 5) in the following language:

" '(b) Plaintiff further states that the said alleged judgment attempted to be rendered against this plaintiff in said cause was and is void and a nullity, under and by virtue of the fact that the said judgment was rendered without the issue of the pleadings and the bill of particulars filed in said cause, and in this connection, plaintiff alleges that the said bill of particulars attempted to set forth a cause of action on a purported note, and that the said purported judgment was rendered on an alleged account, purportedly due and owing by this plaintiff to the said defendant, G. T. Sowell.'

"While it is true other propositions are stated in the petition, we say to the court now that we are willing to abandon all except the above and stand on it."

The pleadings in this case are more nearly perfect than one usually finds in a justice of the peace court. It is only when we look to the terms of the judgment that any confusion arises. We think there is no real confusion there. The cause of action was on a promissory note, the amount was certain, the credits were plain, and no other issues are anywhere involved.

"Very liberal rules of construction should be applied to pleadings in a justice of the peace court, and technical objections will not be allowed to reverse a judgment where it is apparent from an examination of the entire record that no substantial right of the party raising the objection could have been affected by the ruling, and where a reversal on that ground would tend to defeat the ends of justice." Holden v. Lynn, 30 Okla. 663, 120 P. 246; Elsea Bros. v. Killian, 38 Okla. 174, 132 P. 686.

In this cause the court rendered judgment for the exact amount due on the note, and added these words: "the amount of this account". Plaintiff in error would have the words "the amount of this account" confined to a suit on account or an account stated, and reasons therefrom that no issue having been joined on an "account", a judgment on an account is void. The judgment of the justice of the peace on its face is clear, certain and final, but, if it were not, a reference to the record as a whole would disclose that the suit was on a promissory note and not on an account. In Fooshe & Brunson v. Smith, 34 Okla. 247, 124 P. 1070, this court, speaking through Sharp, Commissioner, said:

"The judgment of a justice of the peace, although informal and not technically exact, is sufficient if, taken as a whole, it shows that a conclusion was reached and entered which was intended as a final determination of the action then pending. * * *

"Much less degree of technicality and formality is required in the judgments of justices of the peace than is exacted in respect to the judgments of courts of record."

And Chief Justice Williams, in the case of Reaves v. Turner, 20 Okla. 492, 94 P. 543, stated the rule as follows:

"If the entry of a judgment is so obscure or ambiguous as not to express the final determination of the court with sufficient accuracy, reference may be had to the pleadings and entire record when construing the judgment."

There being no error requiring the reversal of the cause, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. A. Steele, Grover C. Spillers, and W. A. Chase in the prepara-

tion of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Steele and approved by Mr. Spillers and Mr. Chase, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.