## SAWATZKY v. DAILEY.

### No. 32526.   Jan. 14, 1947.

### 176 P. 2d 816.

Arney & Barker, of Clinton, for plaintiff in error.

A. E. Darnell, of Clinton, for defendant in error.

PER CURIAM. This is a forcible entry and detainer action. It was originally brought in the justice of peace court of the city of Clinton by Maud Dailey against Gus Sawatzky to recover possession of 257 acres of cultivated farm land. It is alleged in the complaint that the parties entered into a written lease contract for the leasing of the premises for the year 1945; that the lease contained, among other things, the provision that in case said lands are rented to another tenant for the following year said tenant shall have the right to go upon the land, plow and sow grain during the term of the lease; that plaintiff had leased the land for the year 1946 to another tenant and that the demand was made for the possession thereof for the purpose of plowing and preparing the ground to sow wheat and that possession was refused.

The defense was that there was a new contract entered into between plaintiff and defendant for the rental of the land for the year 1946. The trial in that court resulted in a verdict and judgment in favor of defendant. Plaintiff appealed to the county court, where on trial de novo she prevailed. Defendant appeals to this court, and among other things asserts that the county court was without jurisdiction to entertain the appeal and that the judgmen rendered is therefore void. In support of this contention he asserts that there was no final judgment rendered by the justice of the peace from which an appeal would lie; that the justice of the peace in transmitting the records to the county court failed to certify to the transcript, and that for these reasons the county court was without jurisdiction to entertain the appeal.

Neither of these contentions can be sustained. The record shows that the justice of the peace, after having made an entry on his docket to the effect that the case was submitted to a jury and a verdict rendered finding defendant not guilty of unlawfully detaining possession of the premises from plaintiff, contains the following entry:

"Thereupon the judge rendered judgment in compliance with the verdict of the jury finding the defendant 'not guilty' of wrongfully withholding possession of the premises sued for. J. B. Harvey, Justice of the Peace."

While the docket entry of the justice of the peace is somewhat informal and not technically accurate, we think it sufficient when taken as a whole to show that a conclusion was reached and

entered by the justice of the peace which was intended as a final determination of the action and is sufficient to constitute a final judgment. Fooshee & Brunson v. Smith,. 34 Okla. 247, 124 P. 1070; Glenn v. Sowell, 172 Okla. 280, 44 P. 951.

The fact that the justice of the peace in transmitting the record to the county court failed to certify to his transcript does not constitute a fatal jurisdictional defect but is merely an irregularity which may be waived. Defendant did not present or raise this question in the trial court. It is therefore waived and cannot be raised in this court on appeal. Chicago, R. I. & P. R. Co. v. Moore, 34 Okla. 199, 124 P. 989.

It is also assigned as error that the court erred in giving a certain instruction to the jury and in failing to instruct upon defendant's theory of the case. There is no merit to this assignment. The only defense made by defendant was that a new contract was entered into between the parties whereby plaintiff re-rented the land to him for the year 1946. It is not contended that an express agreement was entered into between the parties to this effect, but it is asserted that the evidence shows such acts and conduct between the parties from which such agreement will be implied. This theory of defense was fully and fairly submitted to the jury. The court committed no error in this respect.

Defendant in his brief criticizes instruction No. 4. We. have carefully examined this instruction and reach the conclusion that the court committed no error in giving the same.

Judgment affirmed.

HURST, C. J., and OSBORN, BAYLESS; WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.

